# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 575 7273
302 425 4661 FAX
tgrimm@mnat.com

July 25, 2005

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Honeywell International Inc. et al. v. Hamilton Sundstrand Corp.*,
       C.A. No. 99-309-GMS

Dear Judge Sleet:

In its June 2, 2004 opinion, the Federal Circuit "vacate[d] the judgment of infringement and remand[ed] for determination of whether Honeywell can rebut the presumption of surrender under *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S. Ct. 1831, 152 L. Ed. 2d 944 (2002), *remanded to* 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*)." *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1134 (Fed. Cir. 2004). With the Supreme Court's recent denial of Honeywell's Petition For Writ of Certiorari on June 20, 2005, the appellate mandate to this Court issued on June 2, 2004 is now ripe.

Honeywell respectfully requests a scheduling conference to discuss the schedule and procedure for determining the rebuttal of the *Festo* presumption, an issue that will determine whether the jury's $46.5 million verdict is reinstated. In particular, Honeywell requests a conference to discuss an appropriate fact and expert discovery schedule and dates for an evidentiary hearing. *See, e.g., Festo*, 344 F.3d at 1369-70 (intrinsic, expert and other extrinsic evidence may be relied upon to rebut the presumption); *Amgen, Inc. v. Hoescht Marion Roussel, Inc.*, 287 F. Supp. 2d 126 (D. Mass. 2003) (finding that patentee had rebutted *Festo* presumption based, in part, on extrinsic evidence).

In addition, Honeywell would like to discuss with the Court an accounting for damages for infringement during the period between May 1993 and February 1999 should Honeywell successfully rebut the *Festo* presumption and the jury's finding of liability be reinstated. Just prior to trial in January 2001, the Court issued a partial summary judgment order limiting the period for which Honeywell could seek damages based on its failure to mark. 2001

The Honorable Gregory M. Sleet
July 25, 2005
Page 2

WL 66345, at *3. The Court held that although Honeywell's '194 patent contains only method claims and "the marking statute does not apply to a method or process" generally, "[i]f there is a tangible item to mark, [ ] the patentee should mark the product." *Id.* (relying on *American Med. Sys. Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993)). The Federal Circuit did not reach this Court's marking ruling on appeal given its vacation of the liability verdict. 370 F.3d at 1146.

Since the Court's ruling in January 2001, the Federal Circuit has clarified its decision in *American Medical Systems* to make clear that where a patent -- like Honeywell's '194 patent here -- contains **only** method claims, the marking statute does not apply, regardless of whether the method is embodied in a product. *State Contr. & Eng'g Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003) (distinguishing *American Medical*, in which the asserted patent contained both method and apparatus claims, and holding that "[w]e have not previously held that a patent containing only method claims is examined to see if something could have been marked in order to assess whether the notice provision applies, and we decline to do so now"). In light of the 2003 Federal Circuit decision in *State Contracting*, it is now clear that, if Honeywell rebuts the *Festo* presumption, its claim for damages under the method-only '194 patent should not be limited due to its failure to mark. Accordingly, Honeywell would like to discuss with the Court a schedule and procedure for addressing this issue as well.

                                                               Respectfully,

                                                               */s/ Thomas C. Grimm*

                                                               Thomas C. Grimm (#1098)

cc:     Dr. Peter T. Dalleo, Clerk (by hand)
         Richard D. Kirk, Esquire (by hand, e-mail, and e-filing)
         David H. Herrington, Esquire (by e-mail)