# THE BAYARD FIRM
ATTORNEYS

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

302-429-4208
rkirk@bayardfirm.com

**FILED ELECTRONICALLY**

July 28, 2005

The Honorable Gregory M. Sleet
United States District Court
844 North King Street, Lock Box 31
Wilmington, DE 19801

RE: *Honeywell International Inc. and Honeywell Intellectual Properties Inc.
v. Hamilton Sundstrand Corp.*, C.A. No. 99-309-GMS

Dear Judge Sleet:

As counsel for defendant Hamilton Sundstrand Corporation, I write in response to plaintiff Honeywell's July 25, 2005 letter to the Court.

Hamilton Sundstrand agrees that a scheduling conference is appropriate to discuss the schedule and procedure for determining whether Honeywell can meet its burden to overcome the *Festo* presumption that estoppel applies and that the equivalents at issue have been surrendered.

However, Hamilton Sundstrand does not believe that it is appropriate on remand to address again the issue of the effect of Honeywell's failure to mark. First, the remand from the Federal Circuit was "to consider whether Honeywell can rebut that presumption under the *Festo* criteria." (*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1146 (Fed. Cir. 2004)) It was not to re-address other issues that were on appeal but not reached by the Federal Circuit's opinion.

Second, Honeywell cited the *State Contracting* case as a change in law to the Federal Circuit in the appeal, and the Federal Circuit decided not to address the issue. (See 11/5/03 Letter from J. Putnam to J. Horbaly, Exhibit A; and 11/6/03 letter from L. Friedman to Clerk of the Court, Exhibit B.) After the decision by this Court on the *Festo* presumption issue, Honeywell will have the opportunity once again to raise its arguments concerning the failure to mark issue with the Federal Circuit.

Finally, if the Court were to rule in favor of Honeywell on the damages issue, the result would be a new jury trial on damages not only for the period covered by the ruling on failure to mark, but potentially for all the damages. It would be wasteful to conduct

596057v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
July 28, 2005
Page 2

such an exercise prior to the Federal Circuit deciding the failure to mark issue that has already been raised before it.

Respectfully submitted,

Richard D. Kirk

RDK/slh
Exhibits
cc:    Clerk of the Court (by hand)
        Counsel as shown on the attached certificate of service

596057v1

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4675

Jonathan F. Putnam
To Call Writer Directly:
(212) 446-4914
jputnam@kirkland.com

(212) 446-4800

Facsimile:
(212) 446-4900

November 5, 2003

**Via Hand Delivery**

Hon. Jan Horblay
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

Re: Honeywell International Inc. and Honeywell Intellectual Properties Inc. v. Hamilton Sundstrand Corporation, Case No. 02-1005, -1082

Dear Mr. Horblay:

As counsel for Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell"), we write pursuant to Rule 28(j) regarding the recent decision of *State Contracting & Engineering Corp. v. Condotte America, Inc.* ___ F.3d ___ (Fed. Cir. October 7, 2003) (copy attached).

*State Contracting* supports Honeywell's cross-appeal position that Honeywell's damages claim under the method-only '194 patent should not have been limited. Like the facts in this litigation, the *State Contracting* case involved related method-only and apparatus-only patents. *State Contracting*, Slip. Op. at 2-3. Indeed, just as in Honeywell's case, the two patents at issue in *State Contracting* had identical specifications and derived from a common parent application. See United States Patent Nos. 5,234,288 and 5,429,455; *see also State Contracting*, Slip. Op. at 2-3.

The Federal Circuit in *State Contracting* held that the patentee was entitled to recover damages under the method-only patent "as of the issuance date." *Id.* at 25. The defendant there, like defendant-appellant Hamilton Sundstrand Corporation ("Sundstrand") here, cited *American Medical Systems v. Medical Engineering Corp.*, 6. F.3d 1523, 1538 (Fed. Cir. 1993), to argue that "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so ...." *State Contracting*, Slip. Op. at 26; *see also* Sundstrand Opening Br. at 56. The Court rejected that argument, instead holding that *American Medical*:

Chicago          London          Los Angeles          Washington, D.C.




KIRKLAND & ELLIS LLP

Clerk of the Court
November 5, 2003
Page 2

>   is inapposite because here an asserted patent . . . contains only method claims, and we look to the asserted patents independently. We have not previously held that a patent containing only method claims is examined to see if something could have been marked in order to assess whether the notice provision applies, and we decline to do so now.

*State Contracting*, Slip. Op. at 26.

*State Contracting* and the other precedents cited by Honeywell in its briefs support its claim in its cross-appeal that the '194 method-only patent need not have been marked.

Respectfully submitted,

*Jonathan F. Putnam*
Jonathan F. Putnam

cc: Counsel for Hamilton Sundstrand

EXHIBIT B

# CLEARY, GOTTLIEB, STEEN & HAMILTON

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

2000 PENNSYLVANIA AVENUE, N W.
WASHINGTON, DC 20006-1801

41, AVENUE DE FRIEDLAND
75008 PARIS

RUE DE LA LOI 57
1040 BRUSSELS

CITY PLACE HOUSE
55 BASINGHALL STREET
LONDON EC2V 5EH

MAIN TOWER
NEUE MAINZER STRASSE 52
60311 FRANKFURT AM MAIN

PIAZZA DI SPAGNA 15
00187 ROME

VIA FATEBENEFRATELLI 26
20121 MILAN

PAVELETSKAYA SQUARE 2/3
115054 MOSCOW

BANK OF CHINA TOWER
ONE GARDEN ROAD
HONG KONG

SHIN KASUMIGASEKI BUILDING
3-2, KASUMIGASEKI 3-CHOME
CHIYODA-KU, TOKYO 100-0013

ROGER W THOMAS
PETER KARASZ
MARK A. WALKER
LESLIE B SAMUELS
ALLAN G. SPERLING
MAX GITTER
SANDRA B. WEIKSNER
EVAN A. DAVIS
ROBERT T GREIG
CHRISTOPHER H LUNDING
LAURENT ALPERT
BARRY M FOX
VICTOR I LEWKOW
LESLIE N. SILVERMAN
ROBERT L TORTORIELLO
A. RICHARD SUSKO
STEPHEN H SHALEN
LEE C. BUCHHEIT
JAMES M PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
EDWARD D. KLEINBARD
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L. RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G PODOLSKY
STEVEN M LOEB
DANIEL S. STERNBERG

DONALD A. STERN
CRAIG B BROD
SHELDON H ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H KOHN
ANA DEMEL
RAYMOND B CHECK
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN
PAUL J SHIM
YVETTE P TEOFAN
ERIKA W NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
RICARDO A. ANZALDÚA-MONTOYA
PAUL E. GLOTZER
YONG G LEE
MICHAEL A. GERSTENZANG

LEWIS J LIMAN
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR.
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
DAVID I. GOTTLIEB
SUNG K. KANG
JENNIFER L KROMAN
RESIDENT PARTNERS

SANDRA M ROCKS
ELLEN M CREEDE
S DOUGLAS BORISKY
JUDITH KASSEL
DANA G. FLEISCHMAN
DAVID E. WEBB
JOSHUA H RAWSON
DEBORAH E KURTZBERG
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MAURO PREMUTICO
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H SALTZMAN
DORON LIPSHITZ
LAURA G CIABARRA
COUNSEL

Writer's Direct Dial: (212) 225-2840
E-Mail: LFriedman@cgsh.com

November 6, 2003

BY FEDERAL EXPRESS

Clerk of the Court
U.S. Court of Appeals
 for the Federal Circuit
717 Madison Place NW
Washington, D.C. 20439

      Re:  Honeywell International Inc. and Honeywell Intellectual Properties, Inc. v.
           Hamilton Sundstrand Corporation, Case No. 02-1005, -1082

Dear Clerk of the Court:

      As counsel for Hamilton Sundstrand Corporation, we respond to Honeywell's letter of November 5, 2003 enclosing *State Contracting & Engineering Corporation v. Condotte America, Inc., et al.*, No. 02-1588, 03-1008 (October 7, 2003).

      *State Contracting* is inapposite. In *State Contracting* the court excused a patentee's failure to mark a product with the method patent <u>used to assemble</u> the product. *See* slip op. at 2-3. Unlike Honeywell, the patentee in that case did not create a tangible device that simultaneously and indistinguishably practiced both method and interrelated apparatus patents.

      By contrast, the Honeywell APU and its operation physically embody the method claims as well as the related apparatus claims. *See* Brief for Defendant-Cross Appellant, January 28, 2003, at 54. By failing to mark the Honeywell APU with the method patent, Honeywell failed to provide the required notice to purchasers who necessarily would practice the method claims when they used the Honeywell APU. For these reasons, as the District Court correctly found, this case is more analogous to *American Med. Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523,



NOV 11 2003



Clerk of the Court, p. 2

1538-39 (Fed. Cir. 1993), and *Devices For Medicine, Inc.*, 822 F.2d 1062, 1066 (Fed. Cir. 1987), both of which required marking as to method claims.

*State Contracting* did not even address *Devices*, which requires marking as to a method-only patent covering the use of a tangible device that was also covered by an interrelated yet separate apparatus patent. The Court in *Devices* reasoned that "[h]aving sold the product unmarked, DFM could hardly maintain entitlement to damages for its use by a purchaser uninformed that such use would violate DFM's method patent." 822 F.2d at 1066. The same concerns – which were absent in *State Contracting* – exist here. Indeed, because the use of Honeywell's devices could constitute infringement of the method patent, requiring marking here is the only result consistent with the statutory purpose of "prevent[ing] innocent infringement." *American Med.*, 6 F.3d at 1538-9. The precedents of this Court and the policies behind the rule require affirmance of the District Court's marking ruling.

Respectfully submitted,

*/s/ Lawrence Friedman*

Lawrence B. Friedman

cc: Counsel for Honeywell

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 28, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

The undersigned counsel further certifies that, on July 28, 2005, the foregoing document was served by email and by hand on the above local counsel and by email and U.S. Mail on the following non-registered participants in Court:

Jonathan F. Putnam, Esq.
Vickie Reznick, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

571429v1