## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.  )
and HONEYWELL INTELLECTUAL      )
PROPERTIES INC.,                )
                                )
                Plaintiffs,      )
                                )
        v.                       )      C.A. No. 99-309-GMS
                                )
HAMILTON SUNDSTRAND CORPORATION, )
                                )
                Defendant.       )

## JOINT STATUS REPORT

Pursuant to the Court's August 9, 2005 Notice of Scheduling Conference, Rule 16 of the Federal Rules of Civil Procedure, and Local Rule 16.2(b), counsel for the parties respectfully submit this joint status report in advance of the scheduling conference set for August 29, 2005.

### Jurisdiction and Service

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a). The parties agree that jurisdiction, service and venue are all proper.

### Substance of the Action

In this action, Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") alleged that defendant Hamilton Sundstrand Corp. ("HSC") infringed U.S. Patent Nos. 4,428,194 and 4,380,893. After ten days of trial in February 2001, a jury found that HSC willfully infringed all six asserted patent claims of the '194 and '893 patents and awarded Honeywell $46.6 million in damages. Both parties appealed. Honeywell appealed two aspects of the Court's rulings relating to damages to the Federal Circuit. HSC appealed certain other aspects of the judgment, including the jury's findings of

infringement and validity and the Court's decision (D.I. 187; No. Civ. A. 99-309 GMS, 2001 WL 66348 (D. Del. Jan. 8, 2001)) that prosecution history estoppel did not limit Honeywell's asserted patent claims.

On June 2, 2004, the U.S. Court of Appeals for the Federal Circuit held that Honeywell's rewriting of the only independent claims asserted – claims 8 and 19 of the '893 patent (original claims 17 and 35) and claim 4 of the '194 patent (original claim 51) – from dependent to independent form during prosecution, combined with the cancellation of the original independent claims, created a presumption of prosecution history estoppel. *Honeywell Int'l Inc. v Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1134 (Fed. Cir. 2004) (en banc). Accordingly, the Federal Circuit held: "In this case, there is a presumptive surrender of all equivalents to the inlet guide vane limitation" in the claims. *Id.* at 1144.

The Federal Circuit vacated the judgment of infringement and remanded the case to this Court to determine "whether Honeywell can rebut the presumption of surrender under *Festo Corp. v. Shoketsu Kinzoku Kogyu Kabushiki Co.*, 535 U.S. 722 (2002), *remanded to* 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*)." 370 F.3d at 1134.

On June 20, 2005, the United States Supreme Court denied Honeywell's petition for a writ of certiorari. 125 S. Ct. 2928.

**Identification of Issues**

The issue on remand is "whether Honeywell can rebut the presumption of surrender under *Festo Corp. v. Shoketsu Kinzoku Kogyu Kabushiki Co.*, 535 U.S. 722 (2002), *remanded to* 344 F.3d 1359 (Fed. Cir. 2003) (*en banc*)." 370 F.3d at 1134. As the Federal Circuit stated in remanding this case: "the presumption of surrender may be rebutted if the patentee can demonstrate that: (1) 'the alleged equivalent would have been unforeseeable at the time . . . the narrowing amendment' was made; (2) 'the rationale underlying the narrowing amendment bore

no more than a tangential relation to the equivalent' at issue; or (3) 'there was 'some other reason' suggesting that the patentee could not reasonably have been expected to have described the alleged equivalent.' *Festo* II, 344 F.3d at 1368 (*quoting Festo*, 535 U.S. at 741)." 370 F.3d at 1140.

Honeywell believes that it is significant that the Solicitor General, when asked by the Supreme Court to submit a brief on behalf of the United States as amicus curiae on the question of whether certiorari should be granted in this case, 125 S. Ct. 458, took the position that certiorari should be denied, but noted that "Honeywell is entitled to a meaningful opportunity to rebut the presumption against its invocation of the doctrine of equivalents … 'by showing [on remand] that the amendment did not surrender the particular equivalent in question.'" U.S. Supreme Court No. 04-293; Br. of United States at 20, 2005 WL 1190441 (quoting *Festo*, 535 U.S. at 740).

HSC believes that *both* parties are entitled to a meaningful opportunity to fully develop and present evidence relating to Honeywell's ability to rebut the presumption. Accordingly, as set forth below, HSC believes that discovery and a short evidentiary hearing on the issue are necessary.

Honeywell also believes that it would be prudent for the Court to address the application of the patent marking statute, 35 U.S.C. § 287(a), to Honeywell's method-only '194 patent. In pre-trial proceedings, the Court ruled that Honeywell's damages claim under the '194 patent was limited because of the marking rule. D.I. 184; No. Civ. A. 99-309 GMS, 2001 WL 66345, at *3-4 (D. Del. Jan. 4, 2001). Subsequently, the Federal Circuit issued a ruling in *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003), that Honeywell submits directly addresses the factual situation in this case and clarifies that the marking statute

does not apply in these circumstances.  Due to its remand of the doctrine of equivalents issue on appeal, the Federal Circuit did not reach the marking issue.  *See* 370 F.3d at 1144.  Because that issue will significantly impact the future course of the litigation, Honeywell believes that it would be beneficial to the parties and to the Federal Circuit if the Court addressed this legal issue on remand, especially because neither this Court nor the Federal Circuit have addressed the impact of *State Contracting* on Honeywell's damages claim under the method-only '194 patent.

If the Court agrees with Honeywell that, under the current law, the damages claim under the method-only '194 patent should not have been limited, additional proceedings will be needed to quantify the amount of additional damages due Honeywell.  While these proceedings could take place prior to a new round of appeals to the Federal Circuit, Honeywell would also be content with allowing the Federal Circuit to pass upon the rebuttal of presumption issue and the marking issue before taking up additional resources of this Court relating to quantification of damages.

HSC does not believe it is appropriate or efficient for this Court to revisit its earlier ruling on the marking issue for at least three independent reasons.  First, the Federal Circuit remanded this case on one issue only – specifically "to consider whether Honeywell can rebut [the presumption of surrender] under the *Festo* criteria."  370 F.3d at 1146; *id*. at 1144 ("we remand for that purpose").  Thus, the marking issue is beyond the scope of the Federal Circuit's mandate on remand.

Second, the Federal Circuit specifically decided not to "address Honeywell's challenges to the district court's rulings limiting damages," despite having heard Honeywell's arguments

and having already decided the *State Contracting* case on which Honeywell relies.[1]  In any event, the *State Contracting* case does not change the law or provide any reason to revisit the Court's decision on the merits of the marking issue.

Third, revisiting the marking issue would be a waste of the Court's and the parties' resources and would unnecessarily further delay the ultimate resolution of this case.  As an initial matter, the marking issue is potentially moot in light of the remand.  Thus, the parties and the Court would waste significant resources revisiting the marking issue if this Court (or the Federal Circuit) concludes that Honeywell is unable to overcome the presumption of prosecution history estoppel.  If the Court were to reverse its prior ruling on the marking issue, which there is no reason to do, additional discovery, a reopening of the entire damages issue and a new trial on all damages issues would be required.  (HSC reserves its right to address the scope and timing of any such damages proceedings if it becomes necessary.)  This would be a significant waste of resources because the damages issue will be moot if the Court determines that Honeywell is not able to rebut the presumption of surrender on the *Festo* issue remanded by the Federal Circuit.

In addition, as Honeywell recognizes above, the marking issue will ultimately be decided by the Federal Circuit in any event.  If Honeywell is able to rebut the presumption on remand, the Federal Circuit will address the marking issue on appeal, as Honeywell requested in its original appeal.  In fact, whichever way this Court comes out on the *Festo* issue, this case will go back to the Federal Circuit for consideration of all issues raised in the original appeal, including the marking issue.  It does not make sense, therefore, to revisit the marking issue now.

---

[1]    Not only did Honeywell raise the marking issue in its original cross-appeal brief in the Federal Circuit, but Honeywell separately filed a supplemental letter brief with the Federal Circuit with the sole purpose of specifically addressing the *State Contracting* case and making the same argument concerning the facts of that Federal Circuit decision.  (*See* November 5, 2003 letter from Jonathan Putnam to Hon. Jan Horblay, Clerk of United States Court of Appeal for the Federal Circuit, which HSC attached to its July 28, 2005 letter from R. Kirk to J. Sleet)

**Narrowing of Issues**

The parties believe that no further narrowing of the issues is possible at this stage of the proceedings.

**Relief Sought**

Honeywell seeks a ruling that it has rebutted the presumption of surrender of equivalents and therefore reinstatement of the jury's verdict of infringement. Honeywell also seeks a ruling that the damages period for infringement of the method-only '194 patent is not limited by the marking statute.

HSC seeks a ruling that Honeywell has not met its burden of rebutting the presumption of surrender under the doctrine of prosecution history estoppel. HSC thus seeks dismissal of the jury verdict and judgment in HSC's favor.

**Amendment of Pleadings**

The parties do not presently intend to amend their pleadings.

**Joinder of Parties**

The parties do not presently intend to join any parties.

**Discovery**

**Plaintiffs' Discovery Position**

Honeywell believes that the *Festo* rebuttal issue can and should be resolved on the existing factual record. With respect to the "unforeseeability" criterion, the Federal Circuit has explained that the relevant factual issues include the state of the art and the understanding of a hypothetical person of ordinary skill in the art at the time of the narrowing amendment. *Festo*, 344 F.3d at 1369. Because these same factual issues were directly at issue in the original trial in this matter by virtue of HSC's invalidity contentions, Honeywell and HSC both conducted extensive fact and expert discovery on them prior to the February 2001 trial. For example,

because of HSC's invalidity contentions there was substantial discovery into the development of Honeywell's prior use and consideration of using flow sensing and surge control methods similar to the claimed inlet guide vane equivalent. The factual issues relating to foreseeability were also the subject of extensive evidence at trial. In fact, HSC's technical expert offered voluminous testimony at trial on the state of the art and the understanding of a hypothetical person of ordinary skill in the art regarding the inlet guide vane limitation in the claims that is at issue on remand.

With respect to the "tangential relation" and "other reason" criteria, the Federal Circuit instructs courts to focus on the intrinsic evidence of the prosecution history record. *Id.* at 1369-70. Accordingly, because Honeywell's ability to rebut the presumption should be resolved on the existing factual record, there is no need for either party to conduct additional discovery.[2] Indeed, it is particularly noteworthy that the Federal Circuit's mandate on remand makes no mention of the need for any additional discovery or further development of the factual record. 370 F.3d at 1134.

### Defendant's Discovery Position

HSC believes that the *Festo* issue on remand requires discovery and an evidentiary hearing. The question of whether the alleged equivalent to the inlet guide vane limitations was foreseeable at the time of the narrowing amendments (one of the bases for overcoming the *Festo* presumption), and the factual issues underlying that determination, were not addressed in the prior trial or in the discovery leading up to the trial. Honeywell's contention that the necessary record already has been fully developed is not correct.

---

[2]     If the Court grants HSC's request for additional discovery, Honeywell would want to be afforded the opportunity to conduct a like quantity of discovery.

Because *Festo* had not been decided at the time of the trial, the legal test at issue –
whether the equivalent claimed by the patentee was foreseeable at the time of the amendment –
did not even exist.  Thus, the parties did not, nor did they have any reason to, take discovery on
the factual issues underlying the foreseeability of Honeywell's claimed equivalent.  Accordingly,
HSC requests an opportunity to fully develop a record of the facts relevant to Honeywell's
ability to overcome the presumption that it surrendered all equivalents to the inlet guide vane
limitation.  *See, e.g., SmithKline Beecham Corp. v. Excel Pharms., Inc.*, 356 F.3d 1357, 1365
(Fed. Cir. 2004) (remanding *Festo* issue for "development of the record on this key point [of
foreseeability]" in light of existing "undeveloped record," particularly "[b]ecause the parties
developed [the original trial] record before the Supreme Court's Festo opinion"); *Anchor Wall
Sys. v. Rockwood Retaining Walls, Inc.*, 2004 U.S. Dist. LEXIS 18458, *46-47 (D. Minn., Sept.
7, 2004) (after remand from Federal Circuit on *Festo* issue, relying on evidence beyond the
original trial record).

In *Festo*, the Federal Circuit recognized that the foreseeability test requires the court to
assess "underlying factual issues relating to, for example, the state of the art and the
understanding of a hypothetical person of ordinary skill in the art at the time of the amendment"
(344 F.3d at 1369), as well as "the factual contents of custom and usage of terms in the relevant
art, the factual level of ordinary skill in the art, the factual bounds of the prior art, and the factual
understanding of a person of ordinary skill in the art at the time of invention" (*id*. at 1377 (Rader,
J. concurring)).  HSC believes discovery relating to these factual issues is necessary, because the
prior discovery in this case, did not address these issues in the context of the foreseeability of the
inlet guide vane equivalents at the time of Honeywell's limiting amendment.

Accordingly, HSC requires discovery of the underlying factual issues.  Such discovery may include the following:

- Discovery concerning the knowledge of persons skilled in the art relating to the inlet guide vane limitation at the time Honeywell amended the asserted claims and the foreseeability of its alleged equivalent.

- Discovery, by way of interrogatory or deposition, of Honeywell's contentions relating to the foreseeability of the claimed equivalent at the time of the amendment and any "other reason" Honeywell claims it can rebut the presumption of surrender. Depending on what "other reasons" Honeywell contends allow it to rebut the presumption of surrender – Honeywell has so far refused to respond to HSC's inquiries on this issue – additional related discovery may be necessary.

- Discovery relating to Honeywell's prior use or consideration of using flow sensing and surge control methods similar to the claimed equivalent.

- Discovery relating to Honeywell's ability at the time of the amendment to have drafted a claim that would have encompassed the alleged equivalent. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 741 (2002).

- Discovery relating to statements made by Honeywell witnesses, relating to the foreseeability of the claimed equivalent.  Such discovery may include document discovery concerning APUs referenced in statements by Honeywell witnesses concerning the use by "several of Honeywell's APU's" of "the same inverted-V/double-solution" behavior as HSC's APS 3200.

- Discovery (including document discovery) relating to any prior art that may relate to the foreseeability of the claimed equivalent, or any "other reason" on which Honeywell relies to rebut the presumption of surrender.

- Expert discovery and expert testimony relating to at least the foreseeability issue.

HSC did not seek such discovery in the original discovery phase because the foreseeability of the equivalent to the inlet guide vane limitation was not at issue, nor was it even a legal standard, prior to the 2001 trial in this case.  Accordingly, such discovery was not relevant at the time.  Honeywell's conclusory statement that such factual issues "were directly at issue in the original trial in this matter by virtue of HSC's invalidity contentions" is not accurate.

For example, prior art (as well as evidence of the state of the art or level of ordinary skill in the art) that now may be centrally relevant to determining whether the claimed equivalent to the inlet guide vane limitation was foreseeable might not have been relevant to determining whether the claimed invention was invalid.  The foreseeability analysis focuses only on the specific limitation at issue – the inlet guide vane limitation – and its alleged equivalent, and thus, relevant prior art need not disclose every element of the claimed invention.  Therefore, prior art that was not relevant to the invalidity issue at trial, and thus was not the subject of discovery or expert analysis, may be centrally relevant to the foreseeability issue on remand.  Similarly, references that did not qualify as prior art to invalidate Honeywell's patents because they were published after the priority dates (e.g. February 1980 under §102(b)) are relevant to the foreseeability issue, which is based on the date Honeywell made the narrowing amendments (October 1982 and August 1983).[3]  Accordingly, HSC intends to seek discovery relating to the state and content of the art at the time of Honeywell's amendments to show Honeywell's alleged equivalent was foreseeable.

In an effort to streamline the proceedings, HSC proposes limited discovery relating to the *Festo* issue, consisting of 10 interrogatories, 20 document requests, 20 requests for admission and 5 depositions per side (including any experts).

In light of the need to take such discovery, as well as the time required to prepare and present expert testimony on the foreseeability issue, HSC proposes the following schedule:

- Discovery starts: immediately following August 29, 2005 status hearing.

- Honeywell's expert report(s) in support of its attempt to overcome the presumption of surrender (for which it has the burden): December 16, 2005.

---

[3]     If Honeywell were to rely on only the "tangential relationship" factor to rebut the presumption of surrender, and forego any arguments based on "unforeseeability" or "other reasons," HSC agrees that no discovery would be required, because the tangential relationship analysis depends primarily on the intrinsic record. *Festo*, 344 F.3d at 1369.

- HSC's expert report(s): January 17, 2006.

- Discovery cut off: January 27, 2006.

- Letter briefs requesting permission to move for summary judgment: February 3, 2006.

- Trial: April 2006 (depending on Court's ruling on summary judgment requests).

**Estimated Trial Length.**

<u>**Plaintiffs' Position**</u>

Because the rebuttal of the presumption should be resolved on the existing factual record, no additional evidentiary proceeding before the Court is necessary. Indeed, there is no rule requiring an additional evidentiary hearing where, as here, the preexisting record is well-developed concerning the issues involved in the remand proceeding. Therefore, Honeywell proposes that the parties submit briefs concerning the rebuttal of the presumption according to the following schedule: 40-page opening brief from Honeywell due October 7, 2005; 40-page response brief from HSC due November 4, 2005; and 20-page reply brief from Honeywell due November 21, 2005. Honeywell respectfully requests that the Court hear oral argument as well.

In addition, Honeywell proposes that the parties submit briefs on the application of the marking statute to the '194 method-only patent as follows: 10-page opening brief from Honeywell due September 12, 2005; 10-page response brief from HSC due September 26, 2005; and 5-page reply brief from Honeywell due October 3, 2005.

<u>**Defendant's Position**</u>

HSC believes a bench trial is necessary to present evidence relating to the factual issues underlying Honeywell's ability to rebut the presumption of surrender. The Federal Circuit has stated that "[b]y its very nature, objective unforeseeability depends on underlying factual issues relating to, for example, the state of the art and the understanding of a hypothetical person of

ordinary skill in the art at the time of the amendment.  Therefore, in determining whether an alleged equivalent would have been unforeseeable, a district court may hear expert testimony and consider other extrinsic evidence relating to the relevant factual inquiries." *Festo*, 344 F.3d at 1369 (citation omitted).

HSC intends to provide such expert testimony relating to the foreseeability issue. Accordingly, HSC believes that a short bench trial of approximately two days (including argument and the presentation of evidence) is necessary, especially in light of the fact that the *Festo* doctrine and standards did not exist at the time of the original trial.

The process HSC recommends is similar to the process adopted by the district court on remand in *Festo*.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 2005 U.S. Dist. LEXIS 11621, *2 (D. Mass. 2005).  In *Festo*, the district court concluded that the plaintiff did not rebut the presumption of surrender after considering evidence from a two-day bench trial in which it heard testimony from two expert witnesses on the foreseeability issue.  *Id.*  HSC's suggested process is also particularly appropriate in light of the fact that the Festo doctrine and standards did not exist at the time of the original trial.  *SmithKline Beecham Corp.*, 356 F.3d at 1365.

Finally, HSC's requested procedure is also consistent with the process Honeywell requested in its July 25, 2005 letter to this Court.  In its letter, Honeywell requested "a conference to discuss an appropriate fact and expert discovery schedule and dates for an evidentiary hearing." (July 25, 2005 letter from Thomas Grimm to J. Sleet)

HSC believes that a two-day bench trial should be conducted in April 2006 (depending on Court's ruling on summary judgment requests).  Forty-five days prior to trial, Honeywell would submit a pretrial brief (no more than 30 pages) setting forth why it believes it can overcome the *Festo* presumption.  HSC would submit a response brief (no more than 30 pages)

21 days thereafter, and Honeywell would submit a 10-page reply brief 7 days later. HSC suggests that the Court reserve its decision whether to allow post-trial briefing until after the evidence is submitted.

**Jury Trial.**

Whether Honeywell can rebut the presumption of surrender is a question of law to be determined by the court, including resolution of any factual issues underlying the question of law. *See Festo*, 344 F.3d at 1369 n.3.

**Settlement**

The parties have not discussed settlement since the March 2, 2005 mediation before Magistrate Judge Thynge. The parties agree that any settlement of this case would likely need to occur within the context of a settlement of the other pending disputes between the parties. The parties are agreeable to another mediation with Judge Thynge in light of developments in this case and in the other Delaware case since the March mediation. However, the parties are also in agreement that the remand proceedings should not be delayed in order to schedule an additional mediation.

The parties have discussed in good faith the matters referenced herein, and have attempted to narrow the differences between them, including in a telephone conference on August 11, 2005, as well as in subsequent exchanges of e-mail.

Submitted By:


/s/ Thomas C. Grimm
Thomas C. Grimm (#1098)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

Of Counsel:

Robert G. Krupka, P.C.
Jonathan F. Putnam
Lee Ann Stevenson
Vickie Reznik
Michael Strapp
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
(212) 446-4800

*Attorneys for Plaintiffs*
*Honeywell International Inc. and*
*Honeywell Intellectual Properties Inc.*


/s/ Richard D. Kirk
Richard D. Kirk (#922)
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Of Counsel:

Mark L. Levine
Chris J. Lind
Brian Swanson
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60610
(312) 494-4400

David H. Herrington
CLEARY, GOTTLIEB, STEEN
& HAMILTON LLP
One Liberty Plaza
New York, NY 10006

*Attorneys for Defendant*
*Hamilton Sundstrand Corporation*


Dated:  August 22, 2005