IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON SUNDSTRAND CORP., <br><br> Defendant. | C.A. No. 99-309-GMS |

**HONEYWELL'S EXPEDITED MOTION TO DENY HAMILTON SUNDSTRAND'S PROPOSED EXPERT ACCESS TO CONFIDENTIAL MATERIALS**

Pursuant to the parties' Stipulated Protective Order, endorsed by the Court on January 9, 2001 and attached hereto as Exhibit A, Honeywell hereby objects to the disclosure of its confidential materials to one of Hamilton Sundstrand's proposed experts, Dr. David Japikse, because Dr Japikse and his company, Concepts NREC, would receive an improper benefit from the information. As required by Section 7 of the Protective Order, Honeywell requests expedited action on this Motion.

**BACKGROUND**

On December 21, 2005, Hamilton Sundstrand disclosed Dr. David Japikse as a potential expert and forwarded Honeywell the undertaking that Dr. Japikse had signed two days earlier. *See* Email from B. Swanson to L. Stevenson, attached as Exhibit B. The email from Hamilton Sundstrand's counsel attaching the undertaking indicated that Dr. Japikse "is Chairman and CEO of Concepts NREC" and that "during the past five years, Concepts NREC has done consulting for or made sales to both Hamilton Sundstrand and Honeywell though Dr. Japikse has

personally had no involvement in that consulting or in those sales." *Id.* Concepts NREC describes itself as "the world's leading independent, full-service turbomachinery design and development organization" that provides its clients with "the resources required to develop complete solutions from concept through detailed engineering, product design, prototype production, performance testing and product manufacturing."[1]

Concerned that Dr. Japikse might gain competitively sensitive information during his work on this lawsuit that might later be used in Concept NREC's work for Hamilton Sundstrand or other of Honeywell's competitors, Honeywell's counsel contacted Hamilton Sundstrand's counsel to try and ascertain the type of work that Hamilton Sundstrand expected Dr. Japikse to undertake in this case. Although Hamilton Sundstrand refused to provide any details about Dr. Japikse's expected work or opinions, they did confirm that they expect Dr. Japikse to review and analyze Honeywell's confidential technical documents. Honeywell's counsel proposed to Hamilton Sundstrand that Dr. Japikse agree not to consult for Hamilton Sundstrand in the future in order to avoid any improper use of Honeywell's confidential information gained through his work on this case. Hamilton Sundstrand's counsel rejected this proposal. Accordingly, and pursuant to the Protective Order, Honeywell informed Hamilton Sundstrand on December 29, 2005 that it objected to Dr. Japikse's receipt of confidential materials.

**ARGUMENT**

The parties' Stipulated Protective Order specifically contemplates that a party may object to the disclosure of confidential materials to a proposed expert if the expert "would receive some improper benefit in his regular line of work as a result of his or her receipt of

---

[1] http://www.conceptsnrec.com.

Confidential Materials." Ex. A at Section 7. Honeywell has produced tens of thousands of pages of documents in this and related litigations that as an expert for Hamilton Sundstrand Dr. Japikse would have access to. The documents range in date from the 1970s to the present day, include many documents describing state-of-the-art technology in use or in development at Honeywell, and cover topics ranging from technical specifications and drawings to marketing and financial analysis. Concepts NREC, of which Dr. Japikse is President and CEO, is in the business of "design[ing], manufactur[ing], and test[ing] a wide variety of precision turbomachinery components and products as well as solv[ing] difficult engineering problems."[2] In fact, Concepts NREC specifically touts its design and development services "for many types of specialized industrial, commercial, and military equipment incorporating ***centrifugal, mixed-flow, and axial compressors and pumps, radial-inflow and axial turbines***, blowers, heat exchangers, and combustors." *Id.* (emphasis added). There can be no dispute, then, that Dr. Japikse's work and the work of his company overlaps precisely with the technology at issue in this litigation and discussed in great detail in Honeywell's confidential materials. If Dr. Japikse works for Hamilton Sundstrand or another competitor of Honeywell's APU business after gaining unfettered access to this wealth of information, it is certain that he would "receive an improper benefit in his regular line of work."

Furthermore, Hamilton Sundstrand will not be prejudiced if the Court grants Honeywell's motion, as it has already retained and provided expert reports from four other technical experts in this and the other APU litigations between the parties. In addition, at the same time it disclosed Dr. Japikse on December 21, 2005, Hamilton Sundstrand also disclosed Edward Greitzer, H. N. Slater Professor of Aeronautics and Astronautics at M.I.T. Honeywell

---

[2] http://www.conceptsnrec.com.

has not objected to any of these other five technical experts receiving and reviewing its confidential materials.

Honeywell remains willing to waive its objection to Dr. Japikse if Dr. Japikse agrees not to consult or work for Hamilton Sundstrand or any other competitor of Honeywell's APU business for a period of five years from the conclusion of this litigation. This restriction would help ensure that Honeywell is not damaged competitively as a result of Dr. Japikse's access to its confidential information, while at the same time allowing Hamilton Sundstrand to use its expert of choice. Absent such an agreement, Honeywell requests that the Court enter an order denying Dr. Japikse access to Honeywell's confidential information.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____
Thomas C. Grimm (#1098)
Julia Heaney (#3052)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com

OF COUNSEL:                lpolizoti@mnat.com
                           *Attorneys for Plaintiffs*
Jonathan F. Putnam         *Honeywell International Inc. and*
Lee Ann Stevenson          *Honeywell Intellectual Properties Inc.*
Michael Strapp
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4800

January 3, 2006
500037

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to Richard D. Kirk.

I also certify that on January 3, 2006, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY HAND

Richard D. Kirk
THE BAYARD FIRM
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

### BY E-MAIL

Mark L. Levine
Chris J. Lind
Brian Swanson
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard Street
Chicago, IL  60610

David H. Herrington
CLEARY, GOTTLIEB, STEEN
& HAMILTON LLP
One Liberty Plaza
New York, NY 10006

*/s/ Julia Heaney*

Julia Heaney (#3052)
jheaney@mnat.com

500037