# EXHIBIT A

Case 1:99-cv-00309-GMS   Document 373-2   Filed 01/03/2006   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) |
| Plaintiffs, | ) Civil Action ) No. 99-309 (GMS) |
| v. | ) ) |
| HAMILTON SUNDSTRAND CORPORATION, | ) ) |
| Defendant. | ) |



FILED

JAN 9 2001

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### STIPULATED PROTECTIVE ORDER

The parties to this patent case believe that the discovery process will require disclosure by the plaintiffs, Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") and the defendant, Hamilton Sundstrand Corp. ("Hamilton Sundstrand") of trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), and that it would serve the interests of the parties to conduct discovery under this Stipulation and Protective Order pursuant to Fed.R.Civ.P. 26(c). Accordingly,

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1.  *Scope.* This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, deposition testimony (whether based upon oral examination or written questions), answers to interrogatories, documents and things produced (including documents and things

produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Discovery Materials").

2. *Definitions*. The terms employed in this Protective Order have been defined as follows:

a. *"Confidential--Outside Attorneys' Eyes Only"*: Documents that contain confidential information regarding certain matters, including: technical research, design, manufacturing methods, costs and capacities, marketing, pricing and sales, strategic plans, and/or any other information of a financial nature may be designated as "Confidential--Outside Attorneys' Eyes Only" or "Confidential Pursuant to Court Order" or "Highly Confidential" or "Highly Confidential Pursuant to Court Order" (hereafter referred to as "Confidential--Outside Attorneys' Eyes Only"). Discovery Materials other than documents may be designated "Confidential--Outside Attorneys' Eyes Only" to the extent they relate to subject matter set forth in the previous sentence.

i. *"Confidential–Outside Non-prosecuting Attorneys' Eyes Only"*: Documents and other Discovery Materials that qualify as "Confidential--Outside Attorneys' Eyes Only" and that disclose technology other than bleed valve control technology or start-up fuel control technology may be designated "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" or "Highly Confidential--Outside Non-prosecuting Attorneys' Eyes Only" or "Confidential--Outside Non-prosecuting Counsel Eyes Only" or "Highly Confidential--

Outside Non-prosecuting Counsel Eyes Only" (hereinafter referred to as "Confidential--Outside Non-prosecuting Attorneys' Eyes Only").

   b. *"Confidential"*: Discovery Materials that contain confidential information but do not qualify for treatment as "Confidential--Outside Attorneys' Eyes Only" may be designated as "Confidential" (hereafter referred to as "Confidential").

   c. *"Confidential Material"*: Material designated "Confidential" or "Confidential--Outside Attorneys' Eyes Only" or "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" shall be referred to collectively as "Confidential Material".

   3. *Designation of Confidentiality.* No designation of "Confidential" or "Confidential--Outside Attorneys' Eyes Only" or "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" shall be made unless legal counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. Discovery Materials may be designated Confidential Material within the meaning of this Protective Order in the following ways:

   a. In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL," "CONFIDENTIAL--OUTSIDE ATTORNEYS' EYES ONLY" (or "CONFIDENTIAL PURSUANT TO COURT ORDER" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER") or "CONFIDENTIAL--OUTSIDE NON-PROSECUTING ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL--OUTSIDE NON-PROSECUTING ATTORNEYS' EYES ONLY" or "CONFIDENTIAL--OUTSIDE NON-PROSECUTING COUNSEL EYES ONLY" or "CONFIDENTIAL--OUTSIDE NON-PROSECUTING COUNSEL EYES ONLY").

b. In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material. The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material: "CONTAINS CONFIDENTIAL MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

c. All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "Confidential--Outside Attorneys' Eyes Only" for a period of twenty-five (25) days following the deposition, subject to extension upon request, which shall not be unreasonably withheld. Within said twenty-five (25) days, legal counsel for any party to this action and/or legal counsel for the deponent may designate certain, if any, pages of the transcript as "Confidential" or "Confidential--Outside Attorneys' Eyes Only" by notifying all legal counsel of record in writing of said designation, and thereafter such pages shall be treated as Confidential Material. Legal counsel for each party shall be responsible for marking the designated exhibits and pages of copies of the transcript in their possession with the legend specified in paragraph 3(a) above. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by legal counsel within twenty-five (25) days after the deposition, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation.

d. It is preferred that the designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of the information. A

party or non-party having produced or disclosed information without designating it Confidential Material may later designate such information as Confidential Material by giving written notice to legal counsel of the receiving party. Under such circumstances, however, no receiving party shall have any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice.

    4. *Use of Confidential Material.* Confidential Material shall be used by the receiving person solely for the purpose of conducting this action, styled *Honeywell v. Hamilton Sundstrand,* No. 99-309 (GMS), but not for any business or other purpose whatsoever, whether directly or indirectly. Nothing contained in this Protective Order shall preclude a party or non-party from using or disseminating its own Confidential Material.

    5. *Disclosure of "Confidential" Material.* Material designated "Confidential" shall not be made public or disclosed to anyone other than to the following persons:

    a. Outside legal counsel of record in the above-entitled litigation, and those paralegals, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting outside legal counsel in the above-entitled action;

    b. Five representatives of each party, whose names and titles are set forth in Exhibit A hereto, and their respective secretarial assistants, under the condition that prior to any such disclosure, each party representative and their respective secretarial assistants must first execute an undertaking in the form attached as Exhibit B;

    c. Upon compliance with and in accordance with the provisions of paragraph 7 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by legal counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose

advice and consultations are being or will be used by a party hereto only in connection with this action;

  d. At a deposition, trial or any hearing before the court, any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person and any person employed by the party that designated the particular document or piece of information as confidential;

  e. Any interpreter, or court or other shorthand reporter or typist, or videographer translating, recording or transcribing testimony; or

  f. Three designated in-house attorneys, provided they first enter an appearance with the Court in this matter.

  6. *Disclosure of "Confidential--Outside Attorneys' Eyes Only" Material.* Material designated "Confidential--Outside Attorneys' Eyes Only" shall not be made public or disclosed to anyone other than to the following persons:

  a. Outside legal counsel actively involved in the above-entitled litigation, and paralegals, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting outside legal counsel in the above-entitled action, under the restrictions provided in Paragraph 6B;

  b. Upon compliance with and in accordance with the provisions of paragraph 7 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by legal counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action;

   c. At a deposition, any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person and any person employed by the party that designated the particular document or piece of information as confidential;

   d. Any interpreter, or court or other shorthand reporter or typist, or videographer translating, recording or transcribing testimony; or

   e. Three designated in-house attorneys, under the restrictions provided in Paragraph 6B.

  6B. All inside or outside counsel who wish to review Confidential Material shall first enter an appearance with the Court in this matter. Any inside or outside counsel who views the other party's Confidential Material shall immediately cease participating and shall not thereafter participate for a period of one year after the conclusion of this case, including without limitation any appeal or retrial, in any way in the drafting or prosecution of patent applications for their respective clients that could reasonably be asserted to cover bleed valve control technology or start-up fuel control technology.

  6C. *Disclosure of "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" Material.* Material designated "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" shall not be made public or disclosed to anyone other than to the following persons:

   a. Outside legal counsel actively involved in the above-entitled litigation, three designated in-house counsel, and paralegals, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting such counsel in the above-entitled action, provided that: (i) all such counsel who wish to review such material designated "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" shall first enter an

appearance with the Court in this matter; (ii) any counsel who views the other party's such material designated "Confidential--Outside Non-prosecuting Attorneys' Eyes Only" shall immediately cease participating and shall not thereafter participate for a period of one year after the conclusion of this case, including without limitation any appeal or retrial, in any way in the drafting or prosecution of patent applications that could reasonably be asserted to cover auxiliary power unit technology or compressor system bleed valve control technology.

  b. Upon compliance with and in accordance with the provisions of paragraph 7 herein, any expert, and employees and assistants under the control of such an expert, who (1) is engaged by legal counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action;

  c. At a deposition, any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person and any person employed by the party that designated the particular document or piece of information as confidential; or

  d. Any interpreter, or court or other shorthand reporter or typist, or videographer translating, recording or transcribing testimony.

  7. *Procedure for Disclosure to Experts*. Confidential Material shall not be disclosed to persons described in paragraphs 5(c), 6(b) or 6C(b) unless and until such person has executed an undertaking in the form attached as Exhibit B, and shall not be disclosed to persons described in paragraphs 5(c), 6(b) or 6C(b) unless and until the time period for objection to such disclosure (as specified below) has passed without objection from any party. All executed

undertakings shall be promptly provided to opposing legal counsel. With respect to persons described in paragraphs 5(c), 6(b) and 6C(b), such executed undertaking must be provided to all other parties named in this action at least five (5) business days before any initial disclosure of Confidential Material, along with a written statement setting forth such person's present business address, current employer and job title, and any company involved in the manufacture, purchase or sale of auxiliary power units for whom said person has consulted or worked during the past five (5) years. If any party objects to the disclosure of Confidential Material to such person within five (5) business days after receiving written notice, no such disclosure shall be made to that person, and the party making the objection shall be obliged, within two (2) business days of its objection, to move the Court for an order denying such access, and to request expedited action on the motion. Such objection may only be predicated on a claim that the proposed expert would receive some improper benefit in his regular line of work as a result of his or her receipt of Confidential Materials. If no motion is made within that period, the objection shall be deemed withdrawn, and the information may then be disclosed to the expert pursuant to this Protective Order. If such a motion is made, pending resolution of any petition or motion to prevent or qualify the disclosure, no disclosure shall be made to such person.

    8.    *Rendering Advice of Legal Counsel.* Nothing in this Protective Order shall bar or otherwise restrict legal counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his examination of Confidential Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, legal counsel shall not disclose the specific contents or substance or the specific source of any Confidential Material produced by the other party.

9.  *Objections to Designations.* The failure of any party to object to the designation of information as "Confidential" or "Confidential--Outside Attorneys' Eyes Only" or "Confidential--Outside Non-Prosecuting Attorneys' Eyes Only" at the time of its designation shall not be deemed a waiver of its right to challenge the propriety of such designation at any time thereafter. Should legal counsel object to the designation by a party of any information as "Confidential" or "Confidential--Outside Attorneys' Eyes Only" or "Confidential--Outside Non-Prosecuting Attorneys' Eyes Only," legal counsel shall notify opposing legal counsel of the objections. If notice of such objection is received at any time, legal counsel shall promptly confer in an attempt to resolve the matter. If the matter remains unresolved, objecting legal counsel may then apply to the Court for a determination of whether the designation should be removed. If no such application is made, the Discovery Material will remain as designated. Any information which has been produced and designated as "Confidential" or "Confidential--Outside Attorneys' Eyes Only" or "Confidential--Outside Non-Prosecuting Attorneys' Eyes Only" but which is subject to a dispute as to its proper designation, shall, under order of the Court, be treated as designated pending resolution of the dispute.

This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c). In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

10.  *Use of Confidential Material.* Confidential information shall not be made public by the receiving party. To the extent that it is necessary to file Confidential Material in

connection with proceedings in this action, such information shall be filed under seal. Specifically, such Confidential Material shall be filed with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.

11. *Use of a Party's Own Information.* If a party wishes to question a witness represented by the other party's counsel with respect to the examining party's own Confidential Material, the examining party must specifically identify (such as by production number) the materials it wishes to ask questions about by written notice provided at least three calendar days before the date of questioning. The witness may then be shown the specified Confidential Material by the witness' counsel in advance of the date of questioning. The witness shall not retain copies of the specified Confidential Material. The disclosure of the specified materials to the witness shall have no other effect on the confidential treatment to be given to the specified materials or any other Confidential Material.

This advance notice requirement shall not apply to a witnesses who has already been granted access to the Confidential Materials at issue by virtue of being designated to receive such materials under the Protective Order.

Nothing in this provision shall prevent a party from showing its own confidential material to its own witnesses, employees, consultants or experts.

12. *Secure Storage.* The recipient of information, documents or things identified as Confidential Material hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage,

custody, use and/or dissemination (including dissemination to persons identified in paragraphs 5 and 6 of such information, documents or things.

13. *Preservation of Rights and Privileges.* Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

Inadvertent production of Discovery Material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced. A party believing it has inadvertently produced Discovery Material shall make a claim to the receiving party for return of that material. Upon receiving such a claim, the receiving party shall return all copies of the inadvertently produced material within one business day. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

14. *Return of Materials.* Within thirty (30) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another related action is then pending involving plaintiff and defendant, thirty (30) days after the conclusion of that action), all Confidential Material, shall be returned to legal counsel who produced it, or can be destroyed, in which case the party destroying it shall certify that it has

been destroyed. As to those materials which contain or reflect Confidential Material, but which constitute or reflect legal counsel's work product, all such work product may be maintained by legal counsel who created it, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential Material or an Order of the Court, be disclosed to anyone who would not have been permitted to see that information under this Protective Order. Legal counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing legal counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even of those pleadings or papers that contain or reflect Confidential Information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

15. *Continuing Effect.* Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding.

16. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

Dated: August 21, 2000

By:

*[signature]*
Josy W. Ingersoll (#1088)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
11th Floor, Rodney Square North
P.O. Box 391
Wilmington, Delaware 19899-0391
ATTORNEY FOR PLAINTIFFS
HONEYWELL INTERNATIONAL INC.
and HONEYWELL INTELLECTUAL
PROPERTIES INC.

By:

*[signature]*
Richard D. Kirk (#922)
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, Delaware 19899
ATTORNEY FOR DEFENDANT
HAMILTON SUNDSTRAND CORP.

**IT IS SO ORDERED:**

1/9/01
Date

*[signature]*
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Pursuant to paragraph 5(b) of the Stipulation and Protective Order, the parties designate the following representatives, who shall be permitted to have access to the other party's "confidential" material.

| | Name | Title |
|---|---|---|

**Honeywell**

| | Name | Title |
|---|---|---|
| 1. | Chris Hansen | Finance Manager for Narrow Body and Wide Body APUs |
| 2. | Greg Albert | Product Line Director CAPUs, 131-9 and 331-350/400 APUs |
| 3. | Kenneth Henry | Senior Engineering Manager, Commercial APU control systems |
| 4. | Jim Clark | Senior Engineer, Controls Analysis |

**Hamilton Sundstrand**

| | Name | Title |
|---|---|---|
| 1. | John Szillat | Systems Engineer |
| 2. | Douglas Martin | Program Manager |
| 3. | Peter Suttie | Manager of Electronics and Software |
| 4. | Karl Johanson | Product Line Business Manager |
| 5. | Robert Ridgeway | Manager of Strategic Planning and Administration |

WP3:583408.1

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON SUNDSTRAND CORPORATION, <br><br> Defendant. | Civil Action <br> No. 99-309 (GMS) |

<u>UNDERTAKING OF: MELVIN GARNER</u>

The undersigned, hereby acknowledges that he or she has read the Protective Order executed and entered in connection with the case of *Honeywell v. Hamilton Sundstrand*, No. 99-309 (GMS) that he or she understands the provisions prohibiting the disclosure or use of confidential information for any purpose or in any manner not connected with the prosecution or defense in this case, and that he or she agrees to be bound by all provisions of the aforesaid Protective Order.

Subscribed and sworn before me this ___ day of _____, 2005.

Notary Public

My Commission Expires:

WP3 : 535254 . 1

55707.1001

# EXHIBIT B

Case 1:99-cv-00309-GMS    Document 373-2    Filed 01/03/2006    Page 18 of 19

```
                12_21 B. Swanson Email re Undertakings_(LEGAL_10893946_1).TXT
From:       "Swanson, Brian" <brian.swanson@bartlit-beck.com>
To:         "'Lee Ann Stevenson'" <lstevenson@kirkland.com>
cc:
Sent:       12/21/2005 05:45:05 PM
Subject:    Undertakings
```

Lee Ann:

Attached are signed undertakings for David Japikse, Edward Greitzer and John Goolkasian.

Dr. Japikse is Chairman and CEO of Concepts NREC. During the past five years, Concepts NREC has done consulting for or made sales to both Hamilton Sundstrand and Honeywell, though Dr. Japikse has personally had no involvement in that consulting or in those sales.

Dr. Greitzer is the H. N. Slater Professor of Aeronautics and Astronautics at M.I.T. During the past five years, Dr. Greitzer has not worked for any company that manufactures APUs.

Mr. Goolkasian is self-employed. During the past five years, he has not worked for any company that manufactures APUs, aside from his work in previous litigation between Hamilton Sundstrand and Honeywell.

Please confirm that you have no objections to any of these experts viewing confidential materials.

Brian

<<...>>  <<...>>  <<...>>

Brian C. Swanson
Bartlit Beck Herman Palenchar & Scott LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL  60610
brian.swanson@bartlit-beck.com
Phone:   (312)494-4400
Direct:  (312)494-4410
Fax:     (312)494-4440
www.bartlit-beck.com

This message contains confidential, privileged work product and attorney-client information. It is the property of Bartlit Beck Herman Palenchar & Scott LLP. If you receive this message in error, please destroy it and all copies. Any distribution or copying of this message or any part of it is absolutely prohibited. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.


   - Undertaking of J. Goolkasian.pdf - Undertaking of D. Japikse.pdf - Undertaking of E. Greitzer.pdf
.............................................................

Attachment:

<Undertaking of J. Goolkasian.pdf>
<Undertaking of D. Japikse.pdf>
<Undertaking of E. Greitzer.pdf>