# Exhibit 1

Not Reported in F.Supp.2d  
(Cite as: 2001 WL 66348 (D.Del.))  
<KeyCite History>

Page 3

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

HONEYWELL INTERNATIONAL INC., and Honeywell Intellectual Properties, Inc., Plaintiffs,  
v.  
HAMILTON SUNDSTRAND CORPORATION, Defendant.

No. Civ.A. 99-309 GMS.

Jan. 8, 2001.

Josy W. Ingersoll, Young Conaway Stargatt & Taylor LLP, Wilmington, DE, Jonathan F. Putnam, Lee Ann Stevenson, Kirkland & Ellis, New York, NY, Robert J. Krupka, Kirkland & Ellis, Los Angeles, CA, for Plaintiff, of counsel.

Richard D. Kirk, Morris, James Hitchens & Williams LLP, Wilmington, DE, Richard F. Ziegler, David H. Herrington, Justin S. Anand, Cleary, Gottlieb, Steen & Hamilton, New York, NY, William E. McCracken. G. Christopher Braidwood, Thomas Miller, Marshall O'Toole, Gerstein, Murray & Borun, Chicago, IL, for Defendant, of counsel.

MEMORANDUM AND ORDER

SLEET, J.

*1 Honeywell International Inc. ("Honeywell") filed this against Hamilton Sundstrand ("Sundstrand") in May of 1999 alleging that Hamilton Sundstrand Corporation ("Sundstrand") is infringing three Honeywell patents: the 4,380,893, 4,428,194 and the 4,337,615 ((the " '893 patent," " '194 patent," and the " '615 patent," respectively). [FN1] The lawsuit relates to technology for auxiliary power units ("APU"). An APU is a small gas turbine engine, usually placed in the tail section of an airplane, that generates electricity for use while the aircraft is on the ground or in flight. An APU also provides compressed air for both starting the aircraft's main engine and environmental control of cabin air. Presently before the court is Sundstrand's Motion for Summary Judgment with regard to infringement and validity of Honeywell's '893 and '194 patents.

FN1. On January 2, 2001, Honeywell advised the court that it has decided to no longer pursue its claims under the '615 patent.

I. FACTS

Honeywell alleges that Sundstrand's APU, the APS 3200, infringes its '893 and '194 patents. Specifically, Honeywell contends that the APS 3200 literally infringes claim 4 of the '194 patent and that it infringes the remaining asserted claims of both patents under the doctrine of equivalents. The '893 and '194 patents claim an apparatus and method for a system to control the aerodynamic phenomenon called surge in a compressor. The '893 and '194 patents were issued in 1983 and 1984, respectively, from the same original application. The '893 patent specifically claims an apparatus that embodies the control logic for the surge control system. The '194 patent specifically claims the method of using the control logic.

In its motion, Sundstrand argues that its APS 3200 does not literally infringe claim 4 of the '194 patent and that it does not infringe the remaining asserted claims of either patent under the doctrine of equivalents. Furthermore, Sundstrand contends that the '893 and '194 patents are invalid because both patents were anticipated by the prior art. Specifically, Sundstrand alleges that Claim 4 of the '194 patent and Claims 1,12, 15, 19 and 23 of the '893 patent were anticipated by two articles. Sundstrand also argues that both the ' 893 and '194 patents are obvious in view of the prior art.

II. STANDARD OF REVIEW

"Summary judgment is appropriate only when 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." ' Rodime v. SeagateTech. Inc., 174 F.3d 1294, 1301 (1999) (quoting Fed.R.Civ.P. 56(c)). In reviewing the motion, the court must draw all reasonable inferences in favor of the non-movant. See id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

III. DISCUSSION

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d                                                                                   Page  4
(Cite as: 2001 WL 66348, *1 (D.Del.))

A. Validity

First, Sundstrand argues that the '893 and '194 patents are invalid because 1) they were anticipated by prior art and 2) they are both obvious in light of prior art. Under 35 U.S.C. § 382, a patent is presumed valid and the party attacking the validity has the burden of proving invalidity by clear and convincing evidence. See 35 U.S.C. § 382 (1984). "Clear and convincing evidence is evidence which proves in the mind of the trier of fact an abiding conviction that the truth of [the] factual contentions [is] highly probable." See Jack Frost Labs v. Physicians & Nurses Manu. Corp., 901 F.Supp. 718, 727 (S.D.N.Y.1995) (internal quotations omitted). Thus, Sundstrand must provide clear and convincing evidence that the '893 and '194 patents are invalid under either the doctrine of anticipation or obviousness before the court can grant summary judgment on these issues.

1. Anticipation

*2 A claim is anticipated if each and every limitation is found either expressly or inherently in a single prior art reference. Celeritas Techs., Ltd. v. Rockwell Int'l Corp., 150 F.3d 1354, 1361 (Fed.Cir.1998), cert. denied, 525 U.S. 1106 (1999). Accordingly, invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation. Advance Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1282 (Fed.Cir.2000). The prior art need not state the elements of the claim in identical language. See Proctor & Gamble Co. v. Nabisco Brands, Inc., 711 F.Supp. 759, 762 (D.Del.1989). Anticipation is a question of fact. See In re Graves, 69 F.3d 1147, 1151 (Fed.Cir.1995).

After reviewing the prior art references cited by Sundstrand, it is not clear that these articles anticipated the inventions at issue. Honeywell has adduced sufficient facts to show that there are genuine issue of material fact in dispute for a jury to resolve. Specifically, the parties dispute whether each and every limitation is found either expressly or inherently in the prior art references. This dispute in particular should be considered by a jury. There is also a factual dispute as to whether a person of ordinary skill in the art could practice the invention based on the prior art reference. Because there are factual issues to be determined by a jury, the court will deny Sundstrand's motion for summary judgment on the issue invalidity due to anticipation by prior art.

2. Obviousness

Section 103 prohibits the granting of a patent "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a) (1984). The ultimate determination of whether an invention would have been obvious under 35 U.S.C. § 103(a) is a legal conclusion based on underlying findings of fact. In re Kotzab, 217 F.3d 1365, 1369 (Fed.Cir.2000). To determine the question of obviousness, the court should look to: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims; (3) the level of ordinary skill in the art; and (4) objective evidence of nonobviousness. Riverwood Int'l corp. v. The Mead Corp., 212 F.3d 1365, 1366 (Fed.Cir.2000) (citing Graham v. John Deer Co., 383 U.S. 1, 17 (1966)). "Such secondary considerations as commercial success, long felt but unsolved needs, [and] failure of others [to invent] are also relevant to the obviousness inquiry." Ryko Manu. Corp. v. Nu-Star, Inc., 950 F.2d 714, 716 (Fed.Cir.1991) (internal quotations omitted).

Obviousness may not be established using hindsight. See Kahn v. General Motors Corp., 135 F.3d 1472, 1479 (Fed.Cir.1998). In determining obviousness, the invention must be considered as a whole and the claims must be considered in their entirety. Id. at 1479-80. Moreover, when obviousness is based on a combination of two or more particular prior art references, there must be a showing of a suggestion or motivation to combine the teachings of those references, though it need not be expressly stated. Riverwood at 1366. The ultimate determination of obviousness is a question of law based on underlying factual determinations. Para-Ordnance Manufacturing Inc. v. SGS Importers Int'l Inc., 73 F.3d 1085, 1088 (Fed.Cir.1995).

*3 After considering the submissions of the

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d
(Cite as: 2001 WL 66348, *3 (D.Del.))

Page 5

parties, the court will also deny summary judgment on the issue of obviousness because there are outstanding factual disputes that should be resolved by a jury. For example, Honeywell disputes Sundstrand's description of the scope and content of the prior art. Honeywell also disagrees with Sundstrand as to the differences between the prior art references cited and the claims at issue. Moreover, Sundstrand does not present sufficient evidence as to the level of ordinary skill in the art and the objective evidence of nonobviousness. Finally, Honeywell alleges that there are secondary factors that the court should consider that would render its invention non-obvious. Thus, the court will deny Sundstrand's motion for summary judgment as to the issue of the obviousness of the '893 and '194 patents because Honeywell has adduced sufficient evidence to show that there is a genuine issue of material fact for a jury.

B. Infringement

Literal infringement of a claim occurs when every limitation recited in the claim appears in the accused device, i.e., when "the properly construed claim reads on the accused device exactly." KJC Corp. v. Kinetic Concepts, Inc., 223 F.3d 1351, 1358 (Fed.Cir.2000). A device that does not literally infringe a claim may nonetheless infringe under the doctrine of equivalents if every element in the claim is literally or equivalently present in the accused device. Sage Products, Inc. v. Devon Indus., Inc., 126 F .3d 1420, 1423 (Fed.Cir.1997). A claim element is equivalently present in an accused device if only "insubstantial differences" distinguish the missing claim element from the corresponding aspects of the accused device. Id. Determinations of infringement, whether literal or under the doctrine of equivalents, is a factual matter normally reserved for a fact finder. See Tate Access Floors, Inc. v. Maxcess Techs. Inc., 222 F.3d 958, 964 (Fed.Cir.2000).

1. Literal Infringement of Claim 4 of the '194 patent

First, the court will deny summary judgment as to literal infringement of Claim 4 of the '194 patent because Honeywell has managed to adduce facts which preclude the court from ruling in Sundstrand's favor as a matter of law on this issue. In particular, Honeywell has provided evidence demonstrating that there is a genuine factual dispute as to whether every element of Claim 4 of the '194 patent is embodied in Sundstrand's APS 3200. See Honeywell's Opposing Brief, D.I. 129, at 10-12.

2. The Doctrine of Equivalents and Prosecution History Estoppel Analysis

In its submissions, [FN2] Sundstrand argues that Honeywell cannot maintain its claims for infringement under the doctrine of equivalents in light of the Federal Circuit's decision in Festo Corp. v. Kinzoku Kogyu Kabushiki Co., 2000 WL 1753646 (Fed.Cir. Nov. 29, 2000)(en banc ). In Festo, the Federal Circuit held that:

> FN2. Pursuant to Local Rule 7.1.2(c), Sundstrand sent a letter to the court advising it of new Federal Circuit case law on December 6, 2000.

> When a claim amendment creates prosecution history estoppel with regard to a claim element, there is no range of equivalents available for the amended claim element. Application of the doctrine of equivalents to the claim element is completely barred (a "complete bar").

*4 Id. at *9. In rejecting precedent, the Festo court reasoned that "[a] complete bar, unlike a flexible bar, thus lends certainty to the process of determining the scope of protection afforded by a patent. Id. at *17. Thus, "once an element of a claim is narrowed by amendment for a reason related to patentability, that element's scope of coverage will not extend beyond its literal terms." Id.

Sundstrand contends that for each of the surge control patent claims at issue (other than claim 4 of the '194 patent), Honeywell is barred by prosecution history estoppel from asserting a claim for infringement under the doctrine of equivalents. Specifically, Sundstrand argues that during the prosecution of the '893 and '194 patents, the PTO Examiner rejected all of the claims that did not include the key element at issue based on the prior art and stated that he would only allow dependent claims that included this key element if rewritten into independent form. Sundstrand claims that based on this rejection, Honeywell amended its claims to incorporate the element at issue into the independent claims and canceled the original claims that lacked this element. Thus, Sundstrand contends, that when

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Honeywell amended its claims to rely on this key element to overcome the prior art, it created prosecution history estoppel. Thus, Sundstrand now argues that prosecution history estoppel now applies regarding the inlet guide vane position element.

Honeywell argues that the claims at issue were not rejected based on prior art. Instead, Honeywell contends that the patent examiner "objected" to these claims as written. Honeywell further claims that the patent examiner did allow these claims, however, if they were "rewritten in independent form." Thus, according to Honeywell, the key element at issue was not amended during prosecution of the patents and the Festo decision would not apply to this case.

"Prosecution history estoppel precludes a patentee from obtaining under the doctrine of equivalents coverage of subject matter that has been relinquished during the prosecution of its patent application." Festo, 2000 WL 1753646,* 3 (Fed.Cir. Nov. 29, 2000) (quoting Pharmacia & Upjohn Co. v. Mylan Pharms., Inc., 170 F.3d 1373, 1376 (Fed.Cir.1999)). In other words, "[t]he essence of prosecution history estoppel is that a patentee should not be able to obtain, through the doctrine of equivalents, coverage of subject matter that was relinquished during prosecution to procure issuance of the patent." Hoganas AB v. Dresser Indus., Inc., 9 F.3d 948, 952 (Fed.Cir.1993) (citation omitted). "The logic of prosecution history estoppel is that the patentee, during prosecution, has created a record that fairly notifies the public that the patentee has surrendered the right to claim particular matter as within the reach of the patent." Festo, at *3. In fact, the Festo court describes the functions of prosecution history estoppel as preserving the notice function performed by the claims and preventing patent holders from recapturing under the doctrine of equivalents subject matter that was surrendered before the Patent Office. See id. at *6. Whether prosecution history bars an assertion of infringement under the doctrine of equivalents is a matter of law for the court to decide. See Festo at *26. This decision can be made on a dispositive pretrial motion or at the close of evidence after a jury verdict. See id.

*5 In order to determine if prosecution history estoppel will apply, the court must first determine which claim elements are alleged to be met by equivalents. See Festo, 2000 WL 1753646, at *27 ("The first step in a prosecution history estoppel analysis is to determine which claim elements are alleged to be met by equivalents."). In this case, the claim elements at issue involve "adjusting the set point in response to variations in the position of the inlet guide vanes" and the "delta P over" flow related parameter. See Honeywell's Opposing Brief, D.I. 129, at 16-22.

Then, the court must determine whether the elements at issue were amended during prosecution of the patent. Festo, 2000 WL 1753646, at *27. "If they were not, amendment-based estoppel will not bar the application of the doctrine of equivalents." Id. "However, the court still may need to consider whether statements made during prosecution give rise to argument-based estoppel." Id. If the claim elements at issue were amended, the court first must determine whether the amendment narrowed the literal scope of the claim. Id. If so, prosecution history estoppel will apply unless the patent holder establishes that the amendment was made for a purpose unrelated to patentability. Id. If the patent holder fails to do so, prosecution history estoppel will bar the application of the doctrine of equivalents to that claim element. Id.

In this case, the parties dispute whether the elements at issue were actually amended. Thus, in order to resolve the dispute, the court must engage in a detailed review of the relevant prosecution history.

a. '893 Patent Prosecution History

When the '893 file application was filed, 52 claims were presented. See '893 File History, D.I. 138, at Ex. 9. The patent examiner initially determined that claims 41-52 were materially distinct from claims 1-40. Id. After an initial telephone conversation on this issue on August 27, 1982, the patentee withdrew claims 41-52 from consideration (subsequently, these claims were submitted in the application for the '194 patent). Id. Of the remaining claims, claims 1, 6, 11, 16, 21 and 32 were independent claims. The rest were dependent claims. Id.

Next, the patent examiner rejected claims 1-5, 11-15, and 21-40 for indefiniteness under 35 U.S.C. § 112. Id. Claims 28, 31, 34 and 37 were deemed ambiguous. Id. The following claims were rejected

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

based on the prior art: 1-3, 6, 7, 10-13, 16, 19-22, 27-29, 32, 37, 38, 39 and 40. Id. In rejecting these claims, the examiner made specific reference to the relevant prior art and the reason for rejection relating to each claim. Id. Thus, the only claims remaining were claims 8, 9, 17 and 18. All of these claims were dependent claims. Claims 8, 9, 17 and 18 involve the claim elements at issue in this case. The examiner objected to these claims because of their form, but stated that they would be "allowed if rewritten in independent form." Id.

b. '194 Patent Prosecution History

*6 As discussed above, claims 41-52 of the original '893 application were submitted to the patent office. Of these claims, only 41, 48, and 52 were independent claims. See id. The patent examiner rejected claims 41-43, 44, 45, 48, 49 and 52 based on the prior art. Id. at Ex. 11. Only claims 46, 47, 50 and 51 remained. Id. Again, all of these claims were dependent claims and involved the claim elements at issue in this case. Id. Again, the examiner objected to these claims because of their form, but stated that they would be "allowed if rewritten in independent form." Id.

After reviewing the prosecution history, the court concludes that the elements at issue were not amended, and thus, prosecution history estoppel will not apply to this case. See Festo, at *27. Sundstrand argues that by cancelling broader claims that lacked the inlet guide vane position element [FN3] and advancing only claims that included the element, Honeywell created the "classic basis" for prosecution history estoppel. D.I. 179. Thus, Sundstrand argues that a claim need not be rejected for prosecution history estoppel to apply. To support its position, Sundstrand cites to Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 681 (Fed.Cir.1988) and Builders Concrete, Inc. v. Bremerton Concrete Products Co., 757 F.2d 255, 260 (Fed.Cir.1985). Although this argument has superficial appeal, the court is not persuaded that prosecution history estoppel applies in this case.

FN3. Although there are two elements at issue in this case, the parties only argue about the inlet guide vane element in their papers. Despite this omission in their papers, the court's analysis also applies to the "delta P over" flow related parameter element.

The key distinction between the present case and the cases cited by Sundstrand is that the patentees in those cases surrendered the elements at issue when they resubmitted their claims. For example, in Diversitech, the claim at issue also had not been substantively amended and was initially dependent on a broader claim that was rejected. Id. at 681. The patentee in that case, however, expressly made arguments before the PTO that surrendered the element at issue. Id. Thus, because "[t]he Board rejected and [the patentee] cancelled the only claims that were broad enough to encompass his disclosed embodiment of a pad with a thin layer of cement on the bottom," the patentee could not "now contradict the representations it made in order to obtain the allowed claims." Id.

Again, in Builder's Concrete, there was also no amendment to the claim at issue during prosecution. See id. at 260. It was still clear, however, that arguments made for the patentability of a different claim, claim 1, relinquished the elements at issue in that case. See id. "The fact that the 'passage' clause of patent claim 10 was not itself amended during prosecution does not mean that it can be extended by the doctrine of equivalents to cover the precise subject matter that was relinquished in order to obtain allowance of claim 1." Id.

In this case, Honeywell did not surrender the elements at issue during the prosecution of the patents at issue. "When an accused device is the same as a disclosed embodiment, and claims covering the disclosed embodiment were rejected on appeal and cancelled, the yielded claim scope can not be recovered in order to encompass the accused device through the doctrine of equivalents." Diversitech, 850 F.2d at 681. Honeywell did not give up an embodiment of the invention with the inlet guide vane. In fact, this element was essentially all that was allowed. The patent examiner rejected substantially all of the original claims based on the prior art. However, the remaining dependent claims would be allowed if rewritten into independent form. Since the examiner had rejected all of the other claims, these claims had to be rewritten because they would no longer make sense as written in dependent form. In this case, the elements at issue were not surrendered at all. Prosecution history estoppel does not apply. Thus, in accordance with Festo, this court rules as a matter of law that Honeywell may attempt to convince the jury that

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.2d  
(Cite as: 2001 WL 66348, *6 (D.Del.))

Page 8

Sundstrand's APU 3200 infringes under the doctrine of equivalents. See Festo at *26 (advising the court to rule as a matter of law on a pretrial dispositive motion whether prosecution history bars an assertion of infringement under the doctrine of equivalents).

*7 As to the issue of infringement under the doctrine of equivalents, Honeywell has managed to adduce facts that create a genuine dispute over whether there is a substantial difference between the APS 3200 and claims 1-5, 8-15, 19, 22 and 23 of the '893 patent and claim 1 of the '194 patent. Because the court concludes that prosecution history estoppel does not apply here, and there are genuine issues of material fact in dispute, the court cannot rule as a matter of law that Sundstrand's APS 3200 does not infringe Honeywell's patents under the doctrine of equivalents.

For these reasons, IT IS HEREBY ORDERED that:

1. Hamilton Sundstrand's Motion for Summary Judgment with regard to infringement and validity of Honeywell's '893 and '194 patents (D .I. 103) is DENIED.

2. Honeywell is not barred by prosecution history estoppel from maintaining its claim of infringement of the '893 and '194 patents under the doctrine of equivalents.

2001 WL 66348 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

# EXHIBIT 2

## FULLY REDACTED