IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON SUNDSTRAND CORPORATION, <br><br> Defendant. | C.A. No. 99-309-GMS |

**FINAL PRETRIAL ORDER**

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16(d), and Thomas C. Grimm, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, (302) 658-9200, Robert G. Krupka, Jonathan F. Putnam and Lee Ann Stevenson, Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022, (212) 446-4800, having appeared as counsel for plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell"), and Richard D. Kirk, The Bayard Firm, 222 Delaware Avenue, P.O. Box 25130, Wilmington, DE 19899, (302) 655-5000, Mark L. Levine and Chris Lind, Bartlit Beck Herman Palenchar & Scott LLP, 54 West Hubbard Street, Chicago, IL 60610, (312) 494-4400, and David H. Herrington, Cleary, Gottlieb, Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (212) 225-2000, having appeared as counsel for defendant Hamilton Sundstrand Corporation ("HSC"), the following actions were taken:

1. **JURISDICTION**

This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The Court's subject matter jurisdiction over this action is proper under 28 U.S.C. § 1338(a). Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Subject matter jurisdiction and venue are not disputed.

2. **STIPULATIONS AND STATEMENTS.**

The following stipulations and statements were submitted and are attached to and made a part of this Order.

   (a) **Statements of Uncontested Facts**

   (1) The parties admit the facts stated in **Exhibit 1**.

   (2) These proposed stipulated facts require no proof at trial, will become part of the evidentiary record in the case, and may be considered by the Court to be established.

   (b) **Statements of Contested Issues of Fact and Law**

   (1) Honeywell's statement of contested issues of fact is attached as **Exhibit 2**. Honeywell's statement of contested issues of law is attached as **Exhibit 4**.

   (2) HSC's statement of contested issues of fact is attached as **Exhibit 3**. HSC's statement of contested issues of law is attached as **Exhibit 5**.

   (c) **Exhibits**

   (1) The parties will offer at trial one or more of the exhibits set forth on their respective exhibit lists. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, i.e. by production number or citation. Each party reserves the right to offer rebuttal exhibits that are not set forth on its exhibit list and other exhibits that will be offered for purposes of impeachment only. Each party also reserves the right to add additional exhibits to its exhibit list after the date of this Pretrial Order, but prior to

the date of the Pretrial Conference. Honeywell's exhibit list does not include exhibits to be used for the purposes of cross examination. Honeywell reserves the right to use exhibits that are not on its exhibit list for the purposes of cross examination. HSC believes that in accordance with Local Rule 16.4(d)(6) and the Court's standing order, all exhibits other than rebuttal exhibits or exhibits that may be used for impeachment purposes must be on the exhibit list. HSC reserves its right to object to any exhibit not on Honeywell's exhibit list that Honeywell seeks to use in cross-examination other than for impeachment purposes. The parties may not add additional exhibits to their exhibit lists after the date of the Pretrial Conference unless good cause is shown. The parties also intend to offer demonstrative evidence at trial. The parties' exhibit lists provide a general description of the types of demonstrative exhibits to be used at trial. The parties will later exchange copies of demonstratives in accordance with agreed-upon procedures set forth more fully below.

(2) Honeywell's list of exhibits, and HSC's objections thereto, are attached as **Exhibit 6**.

(3) HSC's list of exhibits, and Honeywell's objections thereto, are attached as **Exhibit 7**.

(4) Each party shall provide to the other party copies of its final exhibits with final exhibit labels by no later than March 3, 2006.

(5) The parties shall exchange complete color representations of demonstrative exhibits by no later than March 21, 2006 at 5:00 p.m. However, this shall not preclude a party from creating additional demonstratives, provided that copies of those demonstratives are supplied to the opposing party expeditiously. The parties' objections to the

demonstrative exhibits, if any, shall be exchanged no later than March 22, 2006 at 5:00 p.m. This paragraph shall not apply to demonstratives created during testimony or argument at trial.

(6) Any exhibit identified on a party's exhibit list and not objected to is deemed to be admissible and may be entered into evidence by that party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of the case.

(7) Any document that on its face appears to have been authored by an employee, officer or agent of a party or third party shall be deemed prima facie to be authentic, subject to the right of the party against whom such a document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic. Any objection to a document's authenticity must be made by the time of the Pretrial Conference.

(8) Legible copies of United States patents and the contents of United States and foreign patents and translations thereof (if in English or translated into English) and the contents of PTO file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

**(d) Witnesses**

(1) Honeywell's list of the names and addresses of the fact and expert witnesses that it intends to call at trial is attached as **Exhibit 8**.

(2) HSC objects to Honeywell's proposal to call "by transcript or video deposition" current or former employees of Honeywell.

(3) HSC's list of the names and addresses of the fact and expert witnesses that it intends to call at trial is attached as **Exhibit 9**.

4

(4) Honeywell objects to HSC's proposal to call "by transcript or video deposition" current and former employees of HSC including Richard Brown, Mark Harris and Peter Suttie. Honeywell also objects to HSC's proposal to call Francis Shinskey at trial because HSC has not disclosed any opinions of Mr. Shinskey in connection with these remand proceedings.

(5) For those depositions that have been videotaped, a party may introduce the deposition excerpt by videotape instead of or in addition to by transcript. If a party opts to introduce deposition testimony by videotape, any counter-designations of that same witness's deposition testimony must also be submitted by videotape. All deposition designation excerpts, whether offered by videotape or by transcript, will be introduced in the sequence in which the testimony was originally given. After deposition designation excerpts are introduced, then all deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced in the sequence in which the testimony was originally given.

(6) On March 17, 2006, the parties will exchange "good faith" lists of the witnesses expected to be called during the trial and the expected order in which they will be called. To the extent that a party adds or subtracts such a witness or changes its proposed order after March 17, 2006, it will provide notice to the opposing party expeditiously.

(7) A party may not be permitted to call a witness in its case-in-chief unless identified in this Order or added to the parties' witness lists prior to the date of the Pretrial Conference, or unless the Court determines that in the interests of justice such witness should be called.

(8) A party may call a witness in rebuttal that is not listed on the parties' witness lists, if the party can show that the testimony of the witness is in response to evidence offered by the other party that could not be reasonably anticipated.

**(e) Expert Witness Qualifications**

(1) Honeywell's statements setting forth the qualifications of each of its expert witnesses and the subject matter of each such expert's testimony are attached as **Exhibit 10**.

(2) HSC's statements setting forth the qualifications of each of its expert witnesses and the subject matter of each such expert's testimony are attached as **Exhibit 11**.

**(f) Deposition Designations**

(1) Honeywell's list of deposition transcript and video designations that it intends to offer at trial will be attached as **Exhibit 12**. HSC's list of counter-designations and objections to Honeywell's deposition designations will be attached as **Exhibit 13**.

(2) HSC's list of deposition transcript and video designations that it intends to offer at trial will be attached as **Exhibit 14.** Honeywell's list of counter-designations and objections to HSC's deposition designations will be attached as **Exhibit 15.**

(3) The parties will exchange deposition designations by February 10, 2006. The parties will exchange counter-designations and objections by February 17, 2006. Counter-counter-designations and objections to the second round of designations are to be exchanged by February 21, 2006.

(4) The parties will disclose the specific portions of its previously-designated deposition testimony that they intend to use at trial by 8:00 p.m. two days before such designations are to be offered at trial. Any objections and counter-designations will be made by the other party 24 hours later. If one party drops any portion of a deposition that it previously

designated or counter-designated, the opposing party shall be allowed to use that testimony, even if it was not originally designated or counter-designated by that party.

### (g) Special Damages

(1) Honeywell has sought a reasonable royalty, price erosion damages, treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-285 and intends to seek additional damages pursuant to 35 U.S.C. §§ 284-285 if it prevails in these remand proceedings. However, damages are not part of this trial on remand.

### (h) Waivers

(1) Honeywell's statement of waivers of claims and defenses that it contends HSC abandoned is attached as **Exhibit 16.** HSC believes that waivers of claims and defenses abandoned by either party are not relevant to this remand action, which is focused solely on whether Honeywell can overcome the *Festo* presumption.

### (i) Findings of Fact and Conclusions of Law

(1) Honeywell's proposed Findings of Fact and Conclusions of Law is attached as **Exhibit 17**.

(2) HSC's proposed Findings of Fact and Conclusions of Law will be filed with the Court as **Exhibit 18** by February 17, 2006.

### (j) Settlement Negotiations

A statement summarizing the history and status of settlement negotiations is attached as **Exhibit 19**.

### (k) Discovery

The parties have completed discovery, subject to any currently outstanding issues. Pursuant to Fed. R. Civ. P. 26(e)(1), Honeywell reserves its rights to supplement expert reports.

HSC objects to any attempt to supplement expert reports after the close of expert discovery as violating Fed. R. Civ. P. 26(a)(2)(C).

    **(l) Motions *In Limine***

        (1) Honeywell's motions *in limine* and briefs in support of and in opposition to such motions will be submitted to the Court on February 24, 2006.

        (2) HSC's motions *in limine* and briefs in support of and in opposition to such motions will be submitted to the Court on February 24, 2006.

        (3) Briefs in support of the parties' motions *in limine* will be exchanged on February 14, 2006. Opposition briefs will be exchanged on February 21, 2006. Reply briefs will be exchanged on February 24, 2006.

## 3. LENGTH AND CONDUCT OF TRIAL

Trial of this case is expected to take two days or less, beginning at 9:00 a.m. on March 23, 2006. The order of the trial will be plaintiffs' case, defendant's case, and then plaintiffs' rebuttal case. The parties propose that the running time of the trial be kept and that all available time be split 50 percent for each party. Time that a party spends making opening statements and closing argument, conducting the direct examination of its own witnesses and the cross-examination of the opposing witnesses, and playing or reading its designated portions of deposition testimony shall count against its allotted time.

## 4. TYPE OF TRIAL

This case will not be tried to a jury.

## 5. ORDER TO CONTROL COURSE OF ACTION

This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

## 6. ATTEMPTED RESOLUTION OF CONTROVERSY

Possibility of settlement of this case was considered by the parties. No agreement has been reached.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | THE BAYARD FIRM |
|---|---|
| /s/ *Leslie A. Polizoti* | /s/ *Richard D. Kirk* |
| Thomas C. Grimm (#1098) <br> Leslie A. Polizoti (#4299) <br> 1201 N. Market Street, P.O. Box 1347 <br> Wilmington, DE  19899-1347 <br> (302) 658-9200 <br> tcgefiling@mnat.com <br> lpolizito@mnat.com <br> *Attorneys for or Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.* | Richard D. Kirk (#922) <br> 222 Delaware Avenue <br> Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE  19899 <br> (302) 655-5000 <br> rkirk@bayardfirm.com <br> *Attorneys for Defendant Hamilton Sundstrand Corporation* |
| OF COUNSEL: | OF COUNSEL: |
| KIRKLAND & ELLIS LLP <br> Robert G. Krupka <br> Jonathan F. Putnam <br> Lee Ann Stevenson <br> Michael Strapp <br> Citigroup Center <br> 153 East 53rd Street <br> New York, NY  10022-4611 <br> (212) 446-4800 | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP <br> Mark L. Levine <br> Chris Lind <br> Brian C. Swanson <br> 54 West Hubbard Street <br> Chicago, IL  60610 <br> (312) 494-4440 |
| | CLEARY, GOTTLIEB, STEEN & HAMILTON LLP <br> David H. Herrington <br> One Liberty Plaza <br> New York, NY  10006 <br> (212) 225-2000 |
| Dated:  February 8, 2006 | |

IT IS SO ORDERED this _____ day of February, 2006.

_____
 The Honorable Gregory M. Sleet
 United States District Court Judge

505808

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to Richard D. Kirk.

I also certify that on February 8, 2006, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND**

Richard D. Kirk
THE BAYARD FIRM
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

**BY E-MAIL**

Mark L. Levine
Chris J. Lind
Brian Swanson
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard Street
Chicago, IL  60610

David H. Herrington
CLEARY, GOTTLIEB, STEEN
& HAMILTON LLP
One Liberty Plaza
New York, NY 10006

*/s/ Leslie A. Polizoti*

Leslie A. Polizoti (#4299)
lpolizoti@mnat.com