Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., )
and HONEYWELL INTELLECTUAL )
PROPERTIES, INC., )
        Plaintiffs, ) Civil Action
    -vs- ) No. 99-309-GMS
HAMILTON SUNDSTRAND CORP., )
        Defendant. )

COPY

    The videotaped deposition of JOHN T. GOOLKASIAN, called by the Plaintiffs for examination, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before CORINNE T. MARUT, C.S.R. No. 84-1968, a Notary Public within and for the County of DuPage, State of Illinois, and a Certified Shorthand Reporter of said state, at the offices of Bartlit Beck Herman Palenchar & Scott, Suite 300, 54 West Hubbard Street, Chicago, Illinois, on the 27th day of January, A.D. 2006, commencing at 9:11 a.m.

JOB NO. 180999

1   of the prosecution history estoppel.

2        Q.    And what was the name of that case?

3        A.    That was the Monsanto vs. Bayer case.

4        Q.    And what was the basis for your
5   opinion -- your expert opinion in the Monsanto
6   case?

7        A.    They had limited the claims during
8   prosecution.

9        Q.    And did you do an analysis of the
10  prosecution history in the Monsanto case?

11       A.    Yes, I did.

12       Q.    Have you provided expert testimony in
13  patent cases regarding the prosecution history and
14  the actions taken by the patent applicant and the
15  examiner?

16       A.    I'm sorry.  I didn't understand that
17  question.

18       Q.    Have you provided expert testimony in
19  patent cases whereby you have explained to the fact
20  finder the prosecution history?

21       A.    Yes.  I have done that.

22       Q.    And have you -- go ahead.

23       A.    Generally speaking -- you use the word
24  "explained."  I can generally recite what happened,

1   and that can be done. As to giving reasons for
2   what happened, now, that depends quite often on the
3   judge. For example, Delaware, you could not give a
4   reason.
5       Q.   In your experience in Delaware, what
6   testimony could you give regarding prosecution
7   history?
8       MR. HERRINGTON: Objection. He didn't say he
9   could give any testimony regarding prosecution
10  history in Delaware.
11  BY MS. STEVENSON:
12      Q.   You can answer.
13      A.   Well, I have testified in Delaware on
14  three occasions and then was limited only to what
15  happened in the Patent and Trademark Office, namely
16  is you can recite that the examiner said this and
17  that the attorney said that.
18      Q.   And in those instances you would walk
19  the fact finder through what happened in the
20  prosecution of the patents-in-suit?
21      MR. HERRINGTON: Objection. That
22  mischaracterizes his testimony.
23  BY THE WITNESS:
24      A.   Yeah, essentially what you would do

1  would be to -- I think it's a good phrase is walk

2  them through exactly what happened by quoting

3  sections of the prosecution history.

4       In Delaware, the judges do not want to

5  know about the law from a patent expert.

6    Q.   Okay.  And walking the fact finder

7  through the prosecution history using quotes from

8  the actual office actions can be helpful because

9  the prosecution history can be extremely dense and

10 difficult to understand for a fact finder, correct?

11    MR. HERRINGTON:  Are you talking about --

12 objection.  Are you talking about in general or in

13 a particular case?

14 BY THE WITNESS:

15    A.   Well, actually the fact -- you need to

16 get this evidence in and the -- a patent law expert

17 is a good way to get the evidence in.  You could do

18 it with a technical expert, but it's more difficult

19 because a technical expert doesn't necessarily

20 understand what happened in the Patent and

21 Trademark Office.  But some judges won't even

22 permit that patent law expert to put that testimony

23 in.

24 BY MS. STEVENSON:

1    Q.    Have you ever offered expert testimony
2  regarding a party's ability to rebut the
3  presumption of prosecution history estoppel?
4    A.    No, I never have.  I don't think that's
5  proper testimony for a patent law expert.
6    Q.    Do you believe you're offering any
7  proper expert testimony in this litigation?
8    A.    Well, I believe I am if Mr. Garner is.
9  Mr. Garner has taken the position that it's
10 perfectly proper for him to instruct the judge on
11 the law; and if he is going to take that position,
12 then I'm equally capable of instructing the judge
13 on the law, perhaps better capable because I think
14 I understand it a little better than he does.
15        But the -- I doubt that a judge would
16 accept us arguing about what the law is.  The judge
17 has to make that decision by himself.
18        I spent ten years as administrative
19 patent judge, and I really didn't like other people
20 telling me what the law was.  I liked to do it
21 myself.
22    Q.    Am I correct that you are not appearing
23 here as a technical expert?
24    A.    Yes, you're correct in that.

1  A.  Yes.

2  Q.  On inequitable conduct?

3  A.  Yes.

4  Q.  The Bayer case listed on the first

5  page was filed in the District of Delaware?

6  A.  Yes.

7  Q.  And you appeared only at deposition, is

8  that right?

9  A.  That's correct.

10 Q.  What was the topic of your expert

11 opinions in that case?

12 A.  **The prosecution history and inequitable**

13 **conduct.**

14 Q.  And do you recall why you did not give

15 trial testimony in that case?

16 A.  **Delaware does not like to have attorneys**

17 **discuss inequitable conduct and some judges won't**

18 **even let attorneys present what happened in a**

19 **patent prosecution, patent cases.**

20 Q.  Do you recall whether you were excluded

21 at that trial?

22 A.  I think I was, yeah.

23 Q.  Do you recall who the judge was?

24 A.  No.  I've testified only before three

1  judges in Delaware, and that was very limited to
2  what happened in the Patent and Trademark Office.
3      Q.   Okay.  The Impax case is the next
4  Delaware case listed.  What was the topic of your
5  testimony in that case?
6      A.   That would have been inequitable
7  conduct, but I don't remember much about that.
8      Q.   Do you recall whether you were excluded
9  as an expert or whether the case just -- something
10 else?
11     A.   I think that -- I think -- I don't know
12 what happened in that case, but I have a feeling
13 that I was excluded.
14     Q.   Okay.
15     A.   Generally speaking they do not want
16 experts in that -- in that district.
17     Q.   Glaxo is the next Delaware case listed
18 in the top of page 2.  Do you recall what happened
19 in that case, if your testimony was excluded or
20 there is another reason why you did not testify at
21 trial?
22     A.   I think that case might still be going.
23 I'm not sure about that, though.
24     Q.   Okay.  How about the Syngenta case.