IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON SUNDSTRAND CORP.,<br><br>Defendant. | C.A. No. 99-309-GMS |

**DEFENDANT HAMILTON SUNDSTRAND CORPORATION'S
RESPONSE TO HONEYWELL'S MOTION TO STRIKE
OR IN THE ALTERNATIVE FOR LEAVE TO FILE AN OVERSIZED
RESPONSE TO SUNDSTRAND'S MOTION IN LIMINE**

Defendant Hamilton Sundstrand Corporation ("HSC") respectfully requests the Court to deny Honeywell's Motion to Strike [D.I. 393]. However, HSC has no objection to Honeywell's alternative request for Leave to File an Oversized Response.

HSC filed its Motion *In Limine* To Preclude Patent Lawyer Testimony on February 14, 2006 [D.I. 389]. Honeywell did not immediately move to strike this Motion, despite its contention now that it was a "direct violation of ... this Court's Final Pretrial Order." Instead, Honeywell filed a 15-page response on February 21, 2006 [D.I. 392]. Subsequently, having filing its own "oversized" brief, Honeywell filed its motion to strike HSC's Motion.

Neither the Court's Scheduling Order entered specifically for this case nor the Final Pretrial Order filed by the parties sets forth any page limits on motions *in limine*. To the extent that HSC overlooked the Court's generic form of pretrial order posted on the Court's webpage, which does set forth such limits, HSC apologizes to the Court for the oversight.

618618v1

At most, Honeywell's complaint is that HSC should first have filed a motion for leave to file an oversized motion *in limine*. However, this does not warrant the extreme remedy that Honeywell seeks, i.e., striking HSC's motion altogether. Instead, for three reasons HSC submits the appropriate course would be to grant Honeywell's Alternative Motion for Leave to File an Oversized Response.

First, HSC's initial understanding of Mr. Garner's intended testimony warranted its eighteen-page opening brief. In his expert report and during his deposition, Mr. Garner declared his intent to testify on **all three** of the *Festo* criteria, including those (unforeseeability and tangentiality) that Honeywell only now admits are not proper areas for patent law "expert" testimony. It was not until Honeywell filed its response brief that HSC learned for the first time that Honeywell would only seek to present Mr. Garner on the "some other reasons" criterion. Had HSC known that Mr. Garner did not intend to testify on each of the topics previously disclosed, it could have filed a shorter brief.

Second, while the Standing Order that Honeywell cites allows each party to file ten motions *in limine*, HSC has filed only one. HSC obviously had no intention of flooding the Court with a raft of motions and many pages of briefs.

Third, Honeywell is not prejudiced by the length of HSC's opening brief. Honeywell filed a 15-page response, fully addressing each of the points HSC raised in its motion (and in fact spending several pages of argument on the *Festo* issues of foreseeability and tangentiality, subjects on which Honeywell now states that Mr. Garner will not testify).

HSC has now filed its Reply Memorandum [D.I. 394] and so all Motion *in Limine* briefing is now complete. Given the issues raised in Honeywell's 15-page response brief,

including citation to numerous cases, HSC believes its reply brief of commensurate length was warranted.

## CONCLUSION

HSC did not intentionally ignore any of the Court's Orders. Honeywell's motion to strike seeks an excessive remedy, and appears to be simply an attempt defeat HSC's valid motion on a technical matter, rather than on the merits. HSC respectfully requests the Court to deny Honeywell's Motion To Strike HSC's Motion *In Limine* to Preclude Patent Lawyer Testimony. In the alternative, HSC, like Honeywell, seeks subsequent leave to file an oversize brief, and respectfully requests that both its Opening Motion *In Limine* To Preclude Patent Lawyer Testimony [D.I. 389], and its Reply Brief in support of that Motion [D.I. 394], be admitted and reviewed by the Court notwithstanding their length.

February 24, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
*Attorney for Defendant*

OF COUNSEL:

Mark L. Levine
Chris Lind
Brian C. Swanson
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

and

David H. Herrington
CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 24, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

The undersigned counsel further certifies that, on February 24, 2006, the foregoing document was served by email and by hand on the above local counsel and by email and U.S. Mail on the following non-registered participants in Court:

Jonathan F. Putnam
Lee Ann Stevenson
Vickie Reznik
Michael Strapp
Kirkland & Ellis LAP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Robert Krupka
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

596059v1