# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
302-429-4208
rkirk@bayardfirm.com

**FILED ELECTRONICALLY**

May 5, 2006

The Honorable Gregory M. Sleet
United States District Court
844 North King Street, Lock Box 31
Wilmington, DE 19801

RE: *Honeywell International Inc., et al., v. Hamilton Sundstrand Corp.,*
    *C.A. No. 99-309-GMS*

Dear Judge Sleet:

In preparing for oral argument, counsel for Hamilton Sundstrand Corporation ("HSC") has discovered a typographical error in its post-trial submission of HSC's Proposed Findings of Fact and Conclusions of Law [D.I. 417]. We would like to correct it as simply as possible.

The error occurs in paragraph 235, on page 54. Certain language appears in the second sentence and again in the third sentence. It belongs only in the third sentence, not the second sentence. It was not removed in the editing process.

I am enclosing two copies of the following documents:

First, pages 54 and 55 of HSC's Proposed Findings of Fact and Conclusions of Law marked to show (with strikeouts) the language that should be deleted from the second sentence and marked to show (with highlighting) where that identical language appears in the both the second and third sentences.

Second, a corrected page 54 of HSC's Proposed Findings of Fact and Conclusions of Law that can be substituted in the Court's copies of this document.

I can submit new, bound copies of the entire document, but I did not want to do so without direction on the chance that the Court has marked the filed copies.

596057v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet<br>
May 5, 2006<br>
Page 2

      I sincerely apologize for this error and any inconvenience it has caused, and thank the Court for its forbearance.

Respectfully submitted,<br>
<em>/s/ Richard D. Kirk</em><br>
Richard D. Kirk

RDK/smb  
Enclosures  
cc:    Clerk of the Court (by hand)  
        Counsel as shown on the attached certificate of service

596057v1

232.  Mr. Muller and Mr. Clark both agreed that "going back to the 1970's, it was Honeywell's understanding that in order to efficiently control surge, you would need to take into account inlet guide vane angle and input into your surge control system." (Muller, Trial Tr. 168:22-169:4; Clark Dep. 365:17-22, 89:1-16)

233.  Honeywell's contention that the prior art cannot render the alleged equivalent *foreseeable* because of this Court's and the Federal Circuit's refusal to overturn the jury's determination that the asserted claims were not *invalid* is misplaced. (*See* Honeywell Opening, Trial Tr. 21:8-15)

234.  The fact that the jury in the February 2001 trial found that HSC has not established by clear and convincing evidence that the asserted claims, as a whole, were invalid under §102 or §103 is not relevant to this unforeseeability analysis. The unforeseeability criterion is focused solely on the foreseeability of the particular aspect of the accused device found to be equivalent to particular claim limitation at issue (here the IGV limitation found in claim elements 8(f), 19(g) and 4(d)). Section 102 or 103 invalidity focuses on the claim as a whole. *Moba v. Diamond Automation*, 325 F.3d 1306, 1321 (Fed. Cir. 2003); *Princeton Biochemicals, Inc. v. Beckman Coulter*, Inc., 411 F.3d 1332, 1337 (Fed. Cir. 2005).

235.  Honeywell did not argue in the February 2001 trial that the IGV limitation was missing from prior art references. To the contrary, Mr. Muller specifically conceded that "several of the references" disclosed the feature of "varying the set point in the surge control system ... in accordance with the position of the inlet guide vanes of the compressor," which is in a different part of the claim than the IGV Limitation." (Feb. 15, 2001 Trial Tr. 2334:19-2335:5; JX30, Claims 8(g) and 19(preamble); JX45, Claim 4(e)) Rather, Honeywell argued in the February 2001 trial that the prior art failed to describe a different limitation of the asserted

54

claims – the "essentially constant minimum supply duct flow rate" limitation, which is in a different part of the claim than the IGV Limitation. (Feb. 15, 2001 Trial Tr. 2293-2312; JX 30, claims 8(g) and 19(preamble); JX45, claim 4(c)) The Federal Circuit based its finding of invalidity on the evidence concerning this absence in the prior art of this same limitation – not the IGV limitation. *Honeywell*, 370 F.3d at 1145.[3]

### C. Honeywell's New Characterization Of The Equivalent On Remand Was Also Not Unforeseeable

236.    Even if this Court were to adopt Honeywell's recharacterization of the equivalent – that is, the use of IGV position to determine if flow is high or low in order to address the double solution issue (Muller, Trial Tr. 139:8-14, 135:10-19) – this was also foreseeable in 1982.

#### 1. The Measurement Of Static Pressure In The Diffuser Was Not Unforeseeable

237.    It was known in 1982 to use a differential pressure parameter such as $\Delta P/P$ or $\Delta P$ in a surge control system based upon measurements of static pressure in the diffuser. (Muller, Trial Tr. 171:25-172:3, 176:4-7; Japikse, Trial Tr. 260:23-25; Clark Dep. 45:3-46:5, 49:4-50:1; Best '210 patent, DX 317 at col. 2:42-49; *cf.* Welliver and Acurio report, DX 308 at Fig. 137; Runstadler and Dolan article, DX 288 at SUND 4862;) Honeywell's expert conceded at trial that the use of flow-related parameters based upon measurements of static pressure in diffusers was

---

[3] The only reference at issue on appeal was the Warnock reference. The Federal Circuit noted that "the expert testimony presented at trial took opposing views on whether the Warnock article disclosed a system capable of maintaining an essentially constant minimum flow rate, as the claims require." *Honeywell*, 370 F.3d at 1145. There was no discussion in the Federal Circuit opinion of any failure by the prior art to show the IGV limitation, and Honeywell did not even argue that the Warnock reference (the only prior art reference cited on appeal) failed to disclose the use of IGV position in a surge control system or the feature of "varying the set point in the surge control system … in accordance with the position of the inlet guide vanes of the compressor." (Honeywell 3/22/02 Appellate Reply Brief at 28-31)

232.	Mr. Muller and Mr. Clark both agreed that "going back to the 1970's, it was Honeywell's understanding that in order to efficiently control surge, you would need to take into account inlet guide vane angle and input into your surge control system." (Muller, Trial Tr. 168:22-169:4; Clark Dep. 365:17-22, 89:1-16)

233.	Honeywell's contention that the prior art cannot render the alleged equivalent *foreseeable* because of this Court's and the Federal Circuit's refusal to overturn the jury's determination that the asserted claims were not *invalid* is misplaced. (*See* Honeywell Opening, Trial Tr. 21:8-15)

234.	The fact that the jury in the February 2001 trial found that HSC has not established by clear and convincing evidence that the asserted claims, as a whole, were invalid under §102 or §103 is not relevant to this unforeseeability analysis. The unforeseeability criterion is focused solely on the foreseeability of the particular aspect of the accused device found to be equivalent to particular claim limitation at issue (here the IGV limitation found in claim elements 8(f), 19(g) and 4(d)). Section 102 or 103 invalidity focuses on the claim as a whole. *Moba v. Diamond Automation*, 325 F.3d 1306, 1321 (Fed. Cir. 2003); *Princeton Biochemicals, Inc. v. Beckman Coulter*, Inc., 411 F.3d 1332, 1337 (Fed. Cir. 2005).

235.	Honeywell did not argue in the February 2001 trial that the IGV limitation was missing from prior art references. To the contrary, Mr. Muller specifically conceded that "several of the references" disclosed the feature of "varying the set point in the surge control system ... in accordance with the position of the inlet guide vanes of the compressor." (Feb. 15, 2001 Trial Tr. 2334:19-2335:5) Rather, Honeywell argued in the February 2001 trial that the prior art failed to describe a different limitation of the asserted

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 5, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

The undersigned counsel further certifies that, on May 5, 2006, the foregoing document was served by email and by hand on the above local counsel and by email and U.S. Mail on the following non-registered participants in Court:

Jonathan F. Putnam
Lee Ann Stevenson
Vickie Reznik
Michael Strapp
Kirkland & Ellis LAP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Robert Krupka
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

596059v1