# Honeywell's Closing Statement

# Part 2 of 2

# Sundstrand's Use of Hindsight Improper and Unavailing

- In the obviousness context

  - "Most inventions arise from a combination of old elements and each element may often be found in the prior art."

    *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) (citing *In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998)).

  - It is well-settled that the accused infringer "cannot pick and choose among the individual elements of assorted prior art references to recreate the claimed invention."

    *SmithKline Diagnostics, Inc., v. Helena Labs. Corp.*, 859 F.2d 878, 887 (Fed. Cir. 1988).

22

# Sundstrand's Use of Hindsight Improper and Unavailing

- No surge control system existed in 1982-83 that had the combination of features (however they are defined) found in the APS 3200.

  (HON ¶168.)

- No evidence of combination other than via hindsight.

23

# Disputed Issue

- Whether Sundstrand may combine references without proving motivation

  - No. Sundstrand must, but did not, demonstrate motivation. (HON ¶¶194-196.)

  - Honeywell proved no motivation existed. (HON ¶198.)

  - Indeed, because L1011 APU surge control system was "state-of-the-art" in 1982-83, no motivation existed. (HON ¶177.)

# Disputed Issue

- Sundstrand argues that the APS 3200 surge control system was developed between late 1989 and late 1993. (HSC ¶77.)

  – This is not correct.

  – As late as 1994, considered moving static pressure sensors to eliminate the double solution. (HON ¶50.)

  – The infringing equivalent was not developed until 1995. (HON ¶¶41-51.)

# APS 3200's Long Development History Confirms It Was Unforeseeable

- An accused infringer's failures in the design of a product that employed the patented technology is evidence suggesting nonobviousness.

  *Intel Corp. v. U.S. Int'l Trade Comm'n,*
  946 F.2d 821, 835 (Fed. Cir. 1991)

- "If people are clamoring for a solution, and the best minds do not find it for years, that is practical evidence--the kind that can't be bought from a hired expert, the kind that does not depend on fallible memories or doubtful inferences--of the state of knowledge."

  *In the Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation,*
  831 F.Supp. 1354, 1378 (N.D.Ill. 1993) (Easterbrook, J.), *aff'd* 71 F.3d 1573 (Fed. Cir.1995)

# Sundstrand Testimony Establishes That Equivalent Was Not "Readily Known" in 1982-83

- "The patentee, as the author of the claim language, may be expected to draft claims encompassing *readily known equivalents*."

  *Festo*, 535 U.S. at 740 (emphasis added)

- "[U]sually if the alleged equivalent represents . . . technology that was not known in the relevant art, then it would not have been foreseeable."

  *Festo*, 344 F.3d at 1369

# Tangential Relation

- The "tangential relation" prong of the *Festo* rebuttal test focuses on whether "the rationale underlying the amendment [ ] bear[s] no more than a tangential relation to the equivalent in question."

  *Festo*, 535 U.S. at 740.

- The test "asks whether the reason for the narrowing amendment was peripheral, or not directly relevant, to the alleged equivalent."

  *Festo*, 344 F.3d at 1369.

27

# Tangential Relation Inquiry Is Based Solely on the Patent File

The inquiry "focuses on the patentee's *objectively apparent reason* for the narrowing amendment," a reason which, "should be discernible from the prosecution history record."

*Festo*, 344 F.3d at 1369 (emphasis added).

# No Dispute: Tangential Relation

- Neither the APS 3200 surge control system nor IGV position were mentioned by Examiner or Honeywell during prosecution.

  (HON ¶218.)

- The Examiner never rejected the disputed claims on prior art grounds.

  (HON ¶¶22, 24, 36.)

- The Examiner allowed claims that lacked IGV position.

  (HON ¶23.)

# No Dispute: Tangential Relation

- Honeywell rewrote dependent claims to which Examiner *objected* in independent form, as Examiner requested.

  (HON ¶¶22-24, HSC ¶¶59-61.)

- This is the "objectively apparent" reason for the amendments.

# No Dispute: Honeywell Added More Than Just IGV to Claim 8

- "substantially independent of the temperature of the compressed air"

- "adjustable control set point representing the said desired value of said parameter"

- Neither limitation is part of 8(f), what Sundstrand calls the "IGV Limitation"

(HSC ¶ 287)

# Honeywell Amendment Adds Multiple Limitations to Claim 8

# Honeywell Amendment Adds Multiple Limitations to Claim 8



# Honeywell Amendment Also Adds Multiple Limitations to Claim 19

- Application Claim 35 (Claim 19 of '893)

  1. "a guide vane position sensor"

  2. "a function generator"

  3. "coupled in series"

  4. "between the inlet guide vanes and said input portion of said comparator."

34

# Honeywell Amendment Also Adds Multiple Limitations to Claim 19



# Honeywell Amendment Also Adds Multiple Limitations to Claim 19



# Honeywell Amendment Also Adds Multiple Limitations to Claim 4

- Application Claim 51 (Claim 4 of '194)

1. "adjustable inlet guide vanes"

2. a control system that "adjust[s] the relationship between the magnitudes of said integral and proportional control signals and the magnitudes of said parameter variations as a function of the position of the inlet guide vanes."

38

# Honeywell Amendment Also Adds Multiple Limitations to Claim 4

# Honeywell Amendment Also Adds Multiple Limitations to Claim 4



39

# Sundstrand's Articulation of the Rationale for the Amendments is Improper

- Sundstrand claims the "rationale behind the amendment of all of the asserted claims was to add the IGV limitation to overcome the examiner's prior art rejection and gain allowance of the claims." (HSC ¶280.)

  – Honeywell added more than just IGV use

  – The prosecution history establishes that IGV was not key to allowance

  – Improperly conflates **subject matter** of amendment with **rationale** for amendment

# IGV Position Limitation Was Added to Overcome a *Non*-Prior Art *Objection*

- Examiner states that dependent Claims 17, 35 and 51 will be allowed if rewritten in independent form (HON ¶22.)

- In response Honeywell rewrote these in independent form effectively adding multiple limitations, including IGV position

(HON ¶24.)

- Thus, these limitations were added in response to the *non*-prior art *objection* to the dependent claims being dependent on rejected independent claims

41

# Sundstrand Ignores CAFC Guidance

- Truism in all *Festo* rebuttal cases that amendment added the term that is subject of equivalents dispute

- Were that enough to defeat the tangential relation test, it would be an impossible standard.

  *Cordis*, 336 F.Supp.2d at 369-70 (Robinson, C.J.)

- CAFC in this case held that IGV was "effectively add[ed]" to the invention, but then remanded.

  370 F.3d at 1144.

- If Sundstrand's explanation of rationale were accurate, no reason for remand.

# No Tangential Relation Result is Demonstrated By *Insituform (CAFC 2004)*

- Also involved dependent claim rewritten in independent form

- Prior art had nothing to do with disputed limitation (the number of cups)

- Patentee did not separately explain the addition of the single cup limitation

- Rebuttal established because "no indication in prosecution history of any relationship between the narrowing amendment and a multiple cup process, which is the alleged equivalent in this case." (385 F. 3d at 1370).

43