# HONEYWELL'S REBUTTAL STATEMENT

# Equivalent Unforeseeable According to Sundstrand's 2001 Position

- Sundstrand's "Control Hall of Fame" Expert Shinskey

  – DELPQP is a "unique measure of potential surge conditions" that was "not described elsewhere in patents or prior art."  (11/10/00 Report at 9.)

  – Had never seen DELPQP "in any work that I had ever done or in any publication that I have ever read."  (2001 Trial Tr. at 1335.)

  – The "only purpose" of inlet guide vane position in the APS 3200 "is to protect against this possibility [of the system incorrectly interpreting a high flow condition as a low flow condition], and it's caused based on the unique characteristic of the DELPQP measurement as a function of flow."  (2001 Trial Tr. at 1383.)

54

# Equivalent Unforeseeable According to Sundstrand's 2001 Position

- ## Sundstrand's Own Statements

  - "The APS 3200's only use of inlet guide vane position is to deal with a problem unique to the unconventional parameter the APS 3200 uses to measure the movement of air through the compressor. … The APS 3200's surge control system uses a unique parameter measurement … called 'DELPQP' and referred to as the 'Static Pressure Parameter' because it uses only static pressures - measures the rise in pressure across the compressor's diffuser."

    (Sundstrand JMOL Br. at 3, 7.)

  - "But DELPQP has the odd characteristic that when airflow reaches an extremely high level, DELPQP's value peaks and then actually starts to decrease even as airflow increases. … Honeywell's own expert admitted that the high flow logic addresses this unusual behavior of the 3200's DELPQP parameter."

    (Sundstrand Appellant Brief at 35-36.)

# Sundstrand's Strategy Lacks Credibility

### Sundstrand at 2001 Trial

"A: My conclusion was there were *many references of prior art* that included all of the elements that were claimed in the Honeywell patent, and these -- this prior art were publications that predated the filing of the application for the Honeywell patents."

2001 Trial Tr. at 1425-26 (Shinskey)

### Sundstrand at 2006 Remand

"*Mr. Shinskey had not conducted a search of the prior art* for a flow parameter like the APS 3200 used . . . ."

Sundstrand Trial Br. at 17

58

## Japikse Admitted the Equivalent is Unique

- The APS 3200 Surge Control System is Not in the Prior Art

  Remand Tr. at 314 (Japikse)

- Q: "The first one you ever saw where the inlet guide vane position was used to do that ignore or lockout function was the APS 3200?"

- A: "Yes."

  Remand Tr. at 361-62 (Japikse)

65

# B Factor Test Did Not Work

- In September 1994 Sundstrand and Turbomeca considered the "[p]ossibility of eliminating T7 from the B-Factor Calculation in order to provide a more reliable b-factor," or "[e]liminat[ing] the dual solution of B-Factor by moving the diffuser holes."

(PTX 1134)

71

## No Credible Evidence the L1011 Ever Experienced the Double-Solution

- Fig. A7 shows a smooth, rising curve

   (PTX 1066 at SUND 006011, 006029.)

- Figure 9 of DTX 104 relates to the "L-1011 APU Surge Control *Redesign Feasibility Study*."

   (HON ¶¶84-85.)

- HSC Demonstrative 18 -- drawn by Brown at trial -- lacks credibility.

   (HON ¶86.)

73

# Loss
## (1949 U.S. Patent No. 2,470,565) - DTX 313

- No measurement of pressure

- No input of a pressure measurement into a surge control system

- No pressure taps to measure pressure; simply conduits through which the air can flow

- No use of measured IGV position and static pressure sensors to determine a flow-related parameter in the operation of a surge control valve

- No surge control system that controls surge using a measurement of IGV position in response to a flow-related parameter

82

# Glennon
## (1979 U.S. Patent No. 4,164,033) - DTX 327

- Merely describes that flow increases when the IGVs are more "open"
- Not an APU surge control system
- No use of measured IGV position and pressure sensors to determine flow-related parameter
- Found not to be invalidating prior art at the Feb 2001 jury trial
- Measures pressure differential at the "inlet of the compressor" instead of between the entrance of the diffuser and the exit of the scroll.

'033 Patent, Col. 3, ll. 22-25.

# Sundstrand's New Arguments Re: Application Claim 7 Fail

- "Substantially independent of the temperature of the compressed air"
  - This limitation never appeared in Application Claim 7
    (JTX 31 at HSB 401430-31)
  - Examiner never mentioned temperature as a basis for rejection of Application Claim 7
    (*Id.* at HSB 401457)
  - Examiner found the "use of the difference between total and static pressure would have been obvious"
    (*Id.* at HSB 401457)
  - Cannot import limitations from the specification into the claim
    (*Varco v. Pason Sys.*, 436 F.3d 1368, 1373 (Fed Cir. 2006))
  - Claim 8 included this limitation and was allowed
    (JTX 31 at HSB 401466)

101

# Sundstrand's New Arguments Re: Application Claim 7 Fail

- "Comparator means sharing an adjustable control set point for representing said desired value of said parameter."

  (JTX 31 at HSB 401430-31)

  – This limitation never appeared in Application Claim 7

  – Examiner never mentioned comparator, set point or parameter as a basis for rejection of Application Claim 7

  (*Id.* at HSB 401457)

  – Examiner found the "use of the difference between total and static pressure would have been obvious"

  (*Id.* at HSB 401457)

  – Cannot import limitations from the specification into the claim

  (*Varco v. Pason Sys.*, 436 F.3d 1368, 1373 (Fed Cir. 2006))

  – Claim 8 included this limitation and was allowed

  (JTX 31 at HSB 401466)

102

## *Biagro* Supports Honeywell's Position

- Reaffirmed *Insituform* -- "the reason for the amendment and the alleged equivalent involved different aspects of the invention."
  (423 F.3d at 1306.)

- Patentee told Examiner that concentration of fertilizer distinguished invention from prior art and then added claim term specifying level of concentration.
  (423 F.3d at 1306; HON ¶254.)

- Applicant thus explicitly put equivalent limitation at issue in prosecution.
  (HON ¶255.)

- By contrast, neither by words nor actions did Honeywell specifically put IGV use at issue during prosecution.
  *(Id.)*

107

## *Festo* Supports Honeywell's Position

- Must "discern[ ] from the prosecution history" the "objectively apparent reason for narrowing amendment."

  *Festo*, 344 F.3d at 1369.

- Rejection in *Festo* was based on the Examiner's confusion over whether the device was a "magnetic clutch." (*Id.* at 1372; HON ¶249.)

- In response, patentee amended claims to add "magnetizable" limitation. (HON ¶249.)

- Equivalent was a <u>nonmagnetizable</u> sleeve.

- Applicant and examiner thus explicitly put equivalent limitation at issue.

  (344 F.3d at 1371; HON ¶249.)

108