# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 351 9595
302 425 4661 FAX
tgrimm@mnat.com

June 21, 2006

**Via Electronic Filing**

The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 N. King Street, Lock Box 19
Wilmington, DE 19801

Re:   *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, No. 99-309-GMS

Dear Judge Sleet:

We represent plaintiff Honeywell International Inc. in the above-referenced action. As you will recall, the parties conducted a two-day trial in March on the issue of Honeywell's ability to rebut the presumption of prosecution history estoppel under either of two criteria announced by the Supreme Court in *Festo*. Pursuant to L. R. 7.1.2(c), we write to alert the Court to new authority regarding the "tangential relation" prong of the *Festo* rebuttal test.

In *Primos, Inc. v. Hunter's Specialties, Inc.* (Fed. Cir. June 14, 2006) (a copy of which is attached), the Federal Circuit found that the patent owner had successfully rebutted the presumption of prosecution history estoppel because "the amendment was merely tangential to the contested element in the accused device." *Primos* at 13. The product at issue in *Primos* was a game call apparatus used by hunters to simulate animal sounds. During prosecution, the patentee added the limitation that the plate be "differentially spaced" above the membrane of the call. *Id.* The Court found that this was a narrowing amendment and that "the territory surrendered by the 'differentially spaced' amendment comprises plates that are not differentially spaced above the membrane." *Id.* Because the accused product was designed with a dome that "includes the spacing, the amendment was merely tangential to the contested element in the accused device, and thus prosecution history estoppel does not apply." *Id.*

The *holding* in *Primos* by the Federal Circuit compels the same conclusion in this case. During prosecution of the patents-in-suit, the IGV was added to narrow the scope of the claims. *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1144 (Fed. Cir. 2004). The territory surrendered by the IGV amendment, therefore, comprises surge control systems that do not contain IGV. Because the accused product (Sundstrand's APS

The Honorable Gregory M. Sleet
June 21, 2006
Page 2

3200) includes IGV, "the amendment was merely tangential to the contested element in the accused device, and thus prosecution history estoppel does not apply." *Primos*, at 13.

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
Enclosure
cc:   Dr. Peter T. Dalleo, Clerk (by hand - w/encl.)
      Richard D. Kirk, Esquire (by hand, e-mail, and e-filing - w/encl.)
      Mark L. Levine, Esquire (by e-mail - w/encl.)
      David H. Herrington, Esquire (by e-mail - w/encl.)
      Jonathan F. Putnam, Esquire (by e-mail - w/encl.)