# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

**FILED ELECTRONICALLY**

302-429-4208
rkirk@bayardfirm.com

June 26, 2006

The Honorable Gregory M. Sleet
United States District Court
844 North King Street, Lock Box 31
Wilmington, DE 19801

      RE:   *Honeywell International, Inc., et al. v. Hamilton Sundstrand Corp.*,
             C.A. No. 99-309-GMS

Dear Judge Sleet:

     I write in response to Honeywell's June 21, 2006 submission pursuant to Local Rule 7.1.2(c)(D.I. 429). The Federal Circuit's recent decision in *Primos, Inc. v. Hunter's Specialties, Inc.*, No. 05-1001 (Fed. Cir. June 14, 2006), does not support Honeywell's attempt to rebut the *Festo* presumption.

     The patent claim at issue in *Primos* required (1) that the claimed animal call device have a "plate," and (2) that the plate be "differentially spaced" above the device's membrane. *Primos*, Slip Op. at 3 (attached to Honeywell June 21, 2006 letter). The patentee had added the requirement that the plate be "differentially spaced" in a narrowing amendment. *Id*. at 12-13. The accused product had a "dome," which the patentee alleged was equivalent to a "plate." *Id*. at 7-8.

     The *Festo* issue in *Primos*, therefore, was whether the "differentially spaced" amendment "was merely tangential to the *contested* element in the accused device." *Id*. at 13 (emphasis added). The "contested element" in *Primos* was whether the "dome" in the accused product was equivalent to the claimed "plate," not whether the dome was "differentially spaced" above the membrane. *Id*. at 7-8. As the Federal Circuit recognized, because "the accused device … includes a dome that is spaced above the membrane," the "differentially spaced" limitation was irrelevant to the equivalents dispute. *Id*. at 13; *id*. at 7 ("the only disputed term was 'plate'").

     In *Primos*, therefore, the "contested" limitation (i.e. whether a "dome" is equivalent to a "plate") was ***different*** from the limitation added by the amendment (i.e. that the plate/dome be "differentially spaced"). Because the contested limitation and the limitation behind the amendment were different, the Federal Circuit held that the

628715v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
June 26, 2006
Page 2

amendment was merely tangential to the contested limitation. *Id*. at 13. As the plaintiff argued and the Federal Circuit agreed, "the 'differentially spaced' amendment does not pertain to the *disputed* element in the accused device [i.e., whether a "dome" is equivalent to a "plate"] and it is therefore merely tangential." *Id*. at 12 (emphasis added).

Here, by contrast, the limitation Honeywell added in the amendment at issue – the IGV limitation – *is* the contested limitation in the doctrine of equivalents dispute. Honeywell added the IGV limitation – which specifies a particular use of IGV position – in order to narrow its claims and gain allowance. As the jury found and Honeywell now concedes, HSC's APS 3200 does ***not*** literally have what the IGV limitation specifies. Honeywell thus has invoked the doctrine of equivalents to attempt to satisfy this contested element. Hence, unlike in *Primos*, the limitation added here by the narrowing amendment is the *same* as the contested limitation. The relationship between Honeywell's amendment and the contested element of the accused HSC product, therefore, is not merely tangential.

Honeywell's supplemental submission, however, is important in one respect. Contrary to Honeywell's argument at trial that *some other limitation* may have been the reason for the amendment, Honeywell now concedes that "[d]uring prosecution of the patents-in-suit, the *IGV* [limitation] was added to narrow the scope of the claims." Hon. June 21, 2006 letter at 1 (emphasis added).

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

RDK/smb
cc:   Clerk of the Court (by hand)
      Counsel as shown on the attached certificate

628715v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 26, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

The undersigned counsel further certifies that, on June 26, 2006, the foregoing document was served by email and by hand on the above local counsel and by email and U.S. Mail on the following non-registered participants in Court:

Jonathan F. Putnam
Lee Ann Stevenson
Vickie Reznik
Michael Strapp
Kirkland & Ellis LAP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Robert Krupka
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

596059v1