# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

June 28, 2006

**BY E-FILING & BY HAND**

The Honorable Gregory M. Sleet
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Honeywell International Inc. et al. v. Hamilton Sundstrand Corp.*,
      C.A. No. 99-309-GMS

Dear Judge Sleet:

We respond to Sundstrand's June 26, 2006 letter in order to correct two misstatements contained therein.

First, Sundstrand's attempt to twist the Federal Circuit's holding in *Primos, Inc. v. Hunter's Specialties, Inc.*, No. 05-1001 (Fed. Cir. June 14, 2006), must be rejected. The Federal Circuit could not be more clear that the narrowing amendment at issue, and upon which the defendant sought to apply prosecution history estoppel, was the addition of the "differentially spaced" language to the "plate" limitation. *Id.* at 12. The Federal Circuit was equally clear that prosecution history estoppel did not apply because the amendment was made to distinguish prior art "without any spacing," and thus the accused device, which used a "differentially spaced" dome, was not within the territory surrendered during prosecution. *Id.* at 13. This is precisely the same as the situation faced by the Court in the case at bar, where the scope of the Honeywell patent claims was narrowed by the addition, among other things, of the inlet guide vane limitation, which distinguished over prior art that did not contain inlet guide vanes. Thus the Sundstrand equivalent -- which contains inlet guide vanes -- is not within the territory surrendered during prosecution. On the very same reasoning as that applied by the Federal Circuit in *Primos*, the Court should find that prosecution history estoppel does not apply to the inlet guide vane limitation because the reason for the amendments is only tangentially related to the Sundstrand equivalent.

The Honorable Gregory M. Sleet
June 28, 2006
Page 2

Second, Sundstrand's attempt to construe Honeywell's June 21, 2006 letter as some sort of admission should be rejected. The Federal Circuit has held in this case that the effect of adding inlet guide vane position to the claims at issue was to narrow those claims. But the *effect* of the amendment is very different from the issue of the *rationale* for the amendment, which is what is relevant under the tangential relation inquiry. It has been and certainly remains Honeywell's position that the rationale for the amendment was to include additional limitations from the original dependent claims in order to overcome prior art that had nothing to do with inlet guide vanes.

> Respectfully,
>
> Rodger D. Smith II (#3778)

**RDS**
526867

cc:   Dr. Peter T. Dalleo, Clerk (by hand)
      Richard D. Kirk, Esquire (by hand)
      Mark L. Levine, Esquire (by e-mail)
      David H. Herrington, Esquire (by e-mail)
      Jonathan F. Putnam, Esquire (by e-mail)