# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access

302-429-4208
rkirk@bayardfirm.com

**FILED ELECTRONICALLY**

August 4, 2006

The Honorable Gregory M. Sleet
United States District Court
844 North King Street, Lock Box 31
Wilmington, Delaware 19801

      RE:    *Honeywell International, Inc., et al. v. Hamilton Sundstrand Corp.*,
             C.A. No. 99-309-GMS

Dear Judge Sleet:

      Pursuant to Local Rule 7.1.2(c), we write to alert the Court to a recent decision by the Federal Circuit directly addressing the issue of whether a patentee can overcome the *Festo* presumption. On August 3, 2006, the Federal Circuit issued its decision in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, No. 05-1157 (Fed. Cir. Aug. 3, 2006) ("*Amgen II*") (slip opinion attached), holding that the patentee did not overcome the presumption.

      Specifically, the Federal Circuit held that (1) the equivalent was not unforeseeable, (2) the reason for the amendment was not merely tangential to the asserted equivalent, and (3) there was not "some other reason" the patentee could overcome the presumption. *Amgen II*, slip op. at 34-35. The Federal Circuit ruling reversed the district court's decision in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 287 F. Supp. 2d 126 (D. Mass. 2003) ("*Amgen I*"), on which Honeywell repeatedly relied in briefing the "tangential relation" and "other reason" criteria.

      <u>**Tangential Relation**</u>: In *Amgen*, the original claims covered both the human and non-human forms of the hormone EPO. *Amgen II*, slip op. at 30. In order to avoid a double-patenting rejection (similar to a prior art rejection) over an earlier Amgen patent that already covered both human and non-human EPO, Amgen amended the claims to limit them to a human EPO with a human DNA sequence containing 166 amino acids. *Id.* The defendant's use of a human EPO with a DNA sequence containing 165 amino acids – the identical sequence with the last amino acid cleaved off – was found to infringe under the doctrine of equivalents. *Id.* at 27.

      The defendant argued that the patentee was estopped from asserting the doctrine of equivalents in light of *Festo*. The patentee argued that the purpose of its amendment

631969v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
August 4, 2006
Page 2

was merely tangential because the only distinction necessary to overcome the prior art (which did not refer to the amino acid sequence of the EPO) was generally to distinguish human EPO from non-human EPO (which the prior art covered). *Id*. at 32-34, 38. Thus, the patentee argued that the scope of equivalents for its amended claims was not limited to the specific 166-amino acid sequence, but only to the use of human (as opposed to non-human) EPO. *Id*.

This is identical to Honeywell's argument. Honeywell argues that its addition of the IGV limitation was merely tangential because the prior art did not refer to the use of IGV position, and thus, that its amendment did not limit its claims to the specific use of IGV position added by the amendment, but rather covered broader uses of IGV position. (*See* Hon. Trial Br. at 16-17; HSC Post-Trial Proposed Concl. Of Law, ¶¶ 271-72)

In *Amgen*, the Federal Circuit rejected this argument and held that the amendment was not merely tangential. *Id*. at 38-39. The Federal Circuit concluded that "if the patentee had wished only to limit the claims to human EPO, the patentee could have done so by continuing to use the adjective 'human' when referring to EPO in the third preliminary amendment; instead the patentee chose to further narrow the claims in the third preliminary amendment by making reference to the specific sequence in Figure 6 rather than human EPO." *Id*. at 40; *see also, Regents of the University of California v. Dako N. Amer., Inc.*, No. C 05-03955, 2006 U.S. Dist. LEXIS 53239, *32-34 (N.D. Cal. Aug. 1, 2006) (attached).

Similarly, if Honeywell wished only to limit its claims to a more general use of IGV position (rather than the specific use of IGV position it claimed), it could have claimed the use of IGV position more broadly. Instead, Honeywell chose to further narrow its claims by making reference to the specific use of IGV position it added by amendment. (*See* HSC Post-Trial Proposed Concl. of Law, ¶¶ 185-92, 276)

The Federal Circuit also distinguished its prior decision in *Insituform v. CAT Contracting*, 385 F.3d 1360 (Fed. Cir. 2004): "Thus, unlike *Insituform*, where it was ***clear*** that the amendment in question was not made to limit the number of cups and overcome the prior art, the requirement that EPO have exactly 166 amino acids ***may have been*** central to the allowance of claims 2-4 over a double patenting rejection." *Amgen*, slip op. at 40 (emphasis added); *see also, Dako*, 2006 U.S. Dist. LEXIS 53239, *32-34. This distinction from *Insituform* applies equally to Honeywell's amendments. (*See* HSC Post-Trial Proposed Concl. of Law, ¶¶ 298-303)

**Some Other Reason**: The patentee also argued, like Honeywell argues here, that there was "some other reason" it could overcome the presumption, because "a person of ordinary skill in the art would have understood the claims to encompass a 165-amino acid equivalent." *Id*. at 34. The Federal Circuit rejected this argument: "Contrary to Amgen's

THE BAYARD FIRM

The Honorable Gregory M. Sleet
August 4, 2006
Page 3

argument, whether the patentee, the examiner, or a person of skill in the art may have thought the claims encompassed EPO with 165 amino acids does not excuse the patentee's failure to claim the equivalent." *Amgen II*, slip op. at 41.

The Federal Circuit's "other reasons" analysis is consistent with, and substantially identical to, this Court's analysis in its March 22, 2006 Order granting HSC's motion to exclude expert testimony on the "other reason" criteria. *See, e.g.*, 3/22/06 Order at n.2 (expressly disagreeing with district court's ruling in *Amgen I*).

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

RDK/lmc
#31068-1
cc:   Clerk of the Court (by hand)
      Counsel as shown on the attached certificate

631969v1