# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

August 7, 2006

**BY E-FILING & BY HAND**

The Honorable Gregory M. Sleet
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Honeywell International Inc. et al. v. Hamilton Sundstrand Corp.*
      C.A. No. 99-309-GMS

Dear Judge Sleet:

    We represent Honeywell and write pursuant to Local Rule 7.1.2(c) and in response to Hamilton Sundstrand's August 4, 2006 letter concerning the Federal Circuit's recent decision in *Amgen*. The *Amgen* case involves a prosecution history very different from the facts of our case. This is why -- despite the district court's finding of rebuttal under the tangential relation prong and contrary to Sundstrand's blatantly misleading assertion that "Honeywell repeatedly relied [on the *Amgen case*] in briefing the 'tangential relation' and 'other reason' criteria" -- Honeywell did not cite the *Amgen* case once in its 78-page post-trial submission.[1]

    In *Amgen*, the equivalent at issue was in the prior art before the Patent Office and was known to the patentee. (Slip Opinion at 32). Furthermore, the narrowing amendment "was made to avoid a double-patenting rejection" where the alleged equivalent was at the crux of the double patenting issue. (*Id.* at 38-39.) By contrast, the HSC equivalent was not contained in the prior art nor known by Honeywell at the time of the amendments, and it is undisputed that the amendments were not made to avoid the equivalent. Thus, HSC completely misses the boat when it tries to compare the facts or arguments in the two cases.

---

[1]   As the Court knows, Honeywell made a proffer under the "other reasons" prong of *Festo* to preserve its appellate rights given the Court's in limine ruling on the subject. Honeywell did not otherwise address "other reasons" in its post-trial briefing.

The Honorable Gregory M. Sleet
August 7, 2006
Page 2

While the facts of *Amgen* have no relevance for present purposes, the Federal Circuit's opinion in *Amgen* is instructive for its discussion of *Insituform*, a case on which both parties have extensively relied. The Federal Circuit opinion in *Amgen* reaffirmed *Insituform* and gave it a reading precisely in line with Honeywell's proferred analysis:

> The amendment that limited the number of vacuum cups was made to overcome prior art which had a single vacuum source located at the end of the tube a distance from the resin source. *Id.* at 1370. The reason for the amendment was to clarify the location of the vacuum source relative to the resin -- not to limit the number of vacuum cups. *Id.* Thus, we ruled that the reason for the amendment was merely tangential to the alleged equivalent using multiple cups.

(*Amgen* Slip Opinion at 37.) *See* Honeywell Proposed Findings at 70-73 (discussing *Insituform*). Just as in *Insituform*, Honeywell made an amendment to overcome prior art that was wholly unrelated to IGV position, and there was no relation between the reason for the narrowing amendments and Sundstrand's equivalent use of IGV position.

Respectfully,

Julia Heaney (#3052)

JH/bav
526867
cc:   Dr. Peter T. Dalleo, Clerk (by hand)
      Richard D. Kirk, Esquire (by hand)
      Mark L. Levine, Esquire (by e-mail)
      David H. Herrington, Esquire (by e-mail)
      Jonathan F. Putnam, Esquire (by e-mail)