IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON SUNDSTRAND CORPORATION, <br><br> Defendant. | Civil Action No. 99-309-GMS |

**DECLARATION OF STEVEN HESS IN SUPPORT OF
DEFENDANT HAMILTON SUNDSTRAND CORPORATION'S BILL OF COSTS**

I, Steven Hess, declare as follows:

1.  I am a managing partner of Legal Images, a firm that provides graphics support for trials, arbitrations and mediations. I make this declaration on the basis of personal knowledge and on the basis of information relating to the work performed by Legal Images in Honeywell International Inc., et al. v. Hamilton Sundstrand Corporation.

2.  Legal Images assisted the law firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") in connection with a trial held in this action in Wilmington, Delaware in February 2001, in which Cleary Gottlieb represented Hamilton Sundstrand Corporation ("HSC"). This declaration supports HSC's Bill of Costs for that litigation.

3.  Legal Images sent HSC two invoices for its work in connection with that trial. The first invoice, dated January 2, 2001, is for an advance payment of $36,250 toward the estimated cost of our graphics services in this action. The second invoice, dated February 28, 2001, reflects the work Legal Images performed in connection with the trial and the charges for

that work. I understand these invoices are attached as exhibits to HSC's Bill of Costs. HSC paid the two invoices, in a total amount of $169,403.56.

4. I understand that HSC will seek to recover in its Bill of Costs three items as reflected in our February 28 invoice:

    i. Graphic designs and demonstratives ($32,400);

    ii. Computer animations ($48,600); and

    iii. Document imaging (*i.e.,* converting exhibits to be used at trial into electronic form) ($13,943.91).

5. Based on my review of the February 28 invoice and my memory of our work on this matter, I estimate that no more than 15% of the charges reflected for items (i) and (ii) related to meetings with attorneys from Cleary Gottlieb. In other words, my estimate is that approximately 85% of the work covered by these items involved our work on the actual preparation of graphic designs, demonstratives and computer animations for the trial.

6. With respect to item (iii), I believe that the entire amount of $13,943.91 reflects our actual work on the imaging process. That is, none of this charge involves meetings with Cleary Gottlieb attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2008

_____
Steven Hess