IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON SUNDSTRAND CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 99-309-GMS ) ) ) ) ) |

### HONEYWELL'S OPPOSITION TO
### HAMILTON SUNDSTRAND CORPORATION'S BILL OF COSTS

Honeywell International Inc. and Honeywell Intellectual Properties Inc ("Honeywell") hereby oppose Hamilton Sundstrand Corporation's ("HSC") Bill of Costs pursuant to the Stipulation and Order entered by the Court on June 11, 2008. D.I. 439.

Honeywell objects to HSC's Bill of Costs, which seeks to recover a wildly inflated sum of over $431,000. As an initial matter, the vast majority of the costs HSC seeks relate to the first trial between the parties. HSC was not the prevailing party at that trial and those costs, therefore, are improper. In addition, HSC vastly overstates the amount of every category of claimed costs by including numerous costs that are not authorized by statute or the Local Rules of this Court. And, in many instances, even where the rules might entitle HSC to some costs, HSC fails to provide the support that the rules require. Thus, HSC has failed to carry its burden to substantiate its costs claim and that claim should be denied.

Instead, as detailed below, the only portion of HSC's requested costs that is proper and adequately supported consists of the cost of witnesses attending the second trial in

2006. Therefore, Honeywell respectfully requests that the Court reduce HSC's costs claim to those costs, which amount to $507.00.

## PROCEDURAL HISTORY

Honeywell filed this litigation in May 1999, and it was first tried to a jury in February 2001. The jury returned a unanimous verdict in Honeywell's favor, finding that HSC had willfully infringed all six asserted Honeywell patent claims and awarding Honeywell $46.6 million in damages. D.I. 264. After the jury verdict in Honeywell's favor, HSC filed multiple post-trial motions, which the Court denied in all respects. D.I. 270, 306.

HSC appealed to the Federal Circuit, and that court vacated the jury's verdict on the basis of a new legal interpretation that it announced, *en banc*, in this litigation. *Honeywell Int'l Inc. v Hamilton Sundstrand Corp.,* 370 F.3d 1131 (Fed. Cir. 2004) (*en banc*). The appeals court did not overturn any of the factual findings resolved in Honeywell's favor at the jury trial. To the contrary, that court affirmed the jury's verdict that the Honeywell patents were valid. *See* 370 F.3d at 1145. The appeals court also ruled that each side should bear its own costs of the appeal. *See id.* at 1146.

On remand, the Court conducted a bench trial in March 2006. This time, HSC prevailed, and the Court entered judgment for HSC. *See* D.I. 435. Honeywell appealed, and the Federal Circuit affirmed in a divided opinion. *Honeywell Int'l Inc. v. Hamilton Sundstrand Inc.,* 523 F.3d 1304 (Fed. Cir. 2008). Again, the appellate court directed that both sides bear their own costs. *See id.* at 1316. On August 25, 2008, Honeywell filed a Petition for Certiorari with the U.S. Supreme Court seeking review of the Federal Circuit decisions. That Petition remains pending. *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.,* No. 08-262, Petition for Certiorari (U.S. Aug. 25, 2008).

**I.    HSC WAS NOT THE PREVAILING PARTY AT THE FIRST TRIAL**

Costs are allowable only to the "prevailing party." *See* Fed. R. Civ. P. 54(d). Local Rule 54.1(c) provides that, for the purposes of Federal Rule 54(d), the "determination of the prevailing party shall be within the discretion of the Court." While HSC undoubtedly prevailed on the limited issues raised at the second trial on remand, just as obviously, it was Honeywell that prevailed at the first trial that was held before a jury in 2001. Accordingly, HSC is not entitled to any costs relating to the 2001 trial.

As HSC admits in its Bill of Costs, Honeywell prevailed on all critical issues after the 2001 trial. *See* Defendant Hamilton Sundstrand Corporation's Bill of Costs ("Bill of Costs") at 2. Honeywell's victory was memorialized in a $46,578,064.00 verdict in its favor for HSC's willful patent infringement. *Id*. In fact, Honeywell prevailed on all material issues at the 2001 trial, including on the questions of invalidity and infringement. *Id*. HSC attempts to confuse the issue by citing cases involving split results on validity and infringement (Bill of Costs, pp. 3-4 ), but that is not the case here – instead, in this case, Honeywell prevailed on all material issues at the 2001 trial. While the Federal Circuit's 2004 decision vacated Honeywell's award on the infringement question, the Federal Circuit's decision also affirmed Honeywell's victory on the issue of invalidity. *Id*. at 2. Accordingly, Honeywell was indisputably the prevailing party at the 2001 trial, and, at the very least, no costs can be awarded to HSC in connection with that trial.

Further, the rules are clear that if the Court is unable to determine whether either party should be afforded "prevailing party" status, no costs shall be awarded whatsoever. Specifically, Local Rule 54.1(c) provides that "[n]o costs shall be allowed to either party if the Court is unable to determine the prevailing party." Because Honeywell prevailed on all issues at the 2001 trial, it cannot be said that HSC is the prevailing party for purposes of the taxation of costs. If the District Court determines that HSC is entitled to a partial cost award, the Court

should award only those allowable costs related to the remand trial. *See, e.g., Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir.1996) (requiring each party to bear its own costs due to a mixed outcome) (citations omitted). Costs relating to the 2001 trial, which Honeywell won, should be disallowed.

## II. HSC IS NOT PERMITTED TO RECOVER THE COSTS IT SEEKS BEYOND THOSE ALLOWED BY STATUTE AND THIS COURT'S LOCAL RULES

In addition to the fact that HSC is not entitled to prevailing party status for the 2001 trial, its entire costs claim is grossly overstated and seeks costs far beyond those permitted by statute. The costs that may be taxed under Fed. R. Civ. P. 54(d) are governed by 28 U.S.C. § 1920, which sets forth six narrow categories of recoverable costs. The categories of costs enumerated in Section 1920 are the *only* categories for which costs can be taxed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("The discretion granted by Rule 54(d) is ... solely a power to decline to tax, as costs, the items enumerated in § 1920.").

Local Rule 54.1(b) further specifies the limited types of costs that can be collected in this District under Fed. R. Civ. P. 54 and Section 1920. In addition, under these rules, HSC bears the burden of documenting with specificity each item of taxable costs claimed. *See* Local Rule 54.1(a) ("The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."); *S.G.C. v. Penn-Charlotte Assoc.*, 116 F.R.D. 284, 288 (W.D.N.C. 1987). Failure to provide the requisite specificity results in the costs being disallowed. *EMI Group North America, Inc., v. Cypress Semiconductor Corp.*, No. 98-350-JJF, Memorandum Order, *3 (D. Del. Sept. 30, 2002) (denying various costs and holding that the Court "require[s] the prevailing party to prove it can meet the requirements" of the Delaware Local Rules).

4

As explained in detail in sections II.A. – E. below, HSC's request far exceeds the limits of Fed. R. Civ. P. 54(d), Section 1920, Local Rule 54.1(b) and applicable case law in every category for which it seeks costs. Moreover, for those limited areas in which the federal statute and Local Rules allow for specified costs, HSC, in its attempt to obtain far more costs than possibly allowed, has failed to provide the requisite support. Accordingly, to the extent HSC is allowed any costs at all, they must be limited to those that are allowed by the rules and that are fully supported by HSC's submission.

### A.    HSC's Requested Hearing Transcript Costs Are Unjustified

HSC seeks to recover $10,914.40 for costs incurred in obtaining hearing transcripts. (Bill of Costs, pp. 4-5). (Of this total, only $2,270.40 relates to the 2006 trial. *See* Bill of Costs, p. 5.) Hearing transcript costs are generally *not* allowable. Local Rule 54.1(b)(2) allows costs for hearing transcripts *only* "when either requested by the Court, or prepared pursuant to stipulation." Local Rule 54.1(b)(2). HSC has not made any attempt to show that the claimed hearing transcripts were either requested by the Court or prepared pursuant to stipulation (Bill of Costs, p. 5), and, in fact, they were not.

And this Court has held that where, as here, "there is no express request for a transcript and no facts to support a reasonable inference that the trial judge requested a transcript," "the prevailing party is not entitled to recover this cost." *EMI Group North America, Inc., v. Cypress Semiconductor Corp.*, No. 98-350-JJF, Memorandum Order, *3 (D. Del. Sept. 30, 2002). And Local Rule 54.1(b)(2) explicitly provides that "[m]ere acceptance by the Court does not constitute a request."

HSC admits, as it must, that taxation of transcript costs are appropriate only under the limited conditions set forth in L.R. 54.1(b)(2). HSC makes no attempt, however, to meet the requirements of the rule. Thus, HSC does not even contend, much less establish, that the

claimed hearing transcripts were either requested by the Court or prepared pursuant to stipulation. (Bill of Costs, p. 5). Instead, HSC simply states that these transcripts were "necessary for presentation of all matters to the Court." (Bill of Costs, p. 4). This is not the standard – and is exactly the argument that this Court rejected in *EMI*. Similarly, Local Rule 54.1(b)(2) expressly provides that "[c]opies of transcripts for counsel's own use are not taxable." Having failed completely to meet the requirements of Local Rule 54.1(b)(2), HSC's request for these costs should be denied.

### B.   HSC's Requested Deposition Costs Are Not Allowable

HSC also ignores the controlling precedent in seeking $17,549.30 for costs associated with depositions. (Bill of Costs, pp. 5-7). (Of these costs, only $6,776.40 relate to the 2006 trial. (Bill of Costs, p. 7).) None of HSC's requested deposition costs are properly taxable under the statute and this Court's rules.

Local Rule 54(b)(3) is narrowly drawn and provides costs for depositions "only where a ***substantial portion*** of the deposition is used ***in the resolution of a material issue*** in the case." *Id.* (emphasis added). The District of Delaware "require[s] the prevailing party to prove it can meet the requirements of D. Del. L. R. 54.1(b)(3)." *EMI Group North America, Inc., v. Cypress Semiconductor Corp.*, *supra*, at *3. As this Court held in *EMI*, in order to meet the requirements of Local Rule 54(b)(3), a claimant must demonstrate that "a 'substantial portion' of the deposition was admitted into the record." HSC has not met this burden and its request should be denied.

HSC admits that $11,465.30 of the requested deposition costs pertain to transcripts of experts that "were used in the preparation of HSC's expert witnesses as well as in

6

connection with cross-examination of those experts." (Bill of Costs, p. 6).[1] This does not meet the requirements of L.R. 54(b)(3), and this Court has expressly rejected costs on this ground: "[using a deposition] to prepare for examining witnesses is considered a routine use and not one specifically directed to resolution of a material issue in the case." *Federal Insu. Co. v. Bear Industries, Inc.*, No. 03-251 SLR, 2006 WL 3334951, *1 (D. Del. Nov. 16, 2006). Accordingly, the $11,465.30 that HSC claims for this purpose should be excluded.

With respect to the remaining depositions, HSC has failed to prove "that a '**substantial portion**' of each deposition was admitted into the record," as this Court required in *EMI Group North America, Inc., v. Cypress Semiconductor Corp.*, at *3 (emphasis added). Deposition-related costs are properly excluded where the prevailing party fails to demonstrate "counsel's **extensive use** of depositions at trial." *Skomorucha v. Wilmington Housing Authority*, 518 F. Supp. 657, 660 (D. Del. 1981) (emphasis added). Again, this showing is HSC's burden. *EMI Group North America, Inc. v. Cypress Semiconductor Corp.*, No. 98-350-JJF, Memorandum Order, *3 (D. Del. Sept. 30, 2002); *see also S.G.C. v. Penn-Charlotte Assoc.*, 116 F.R.D. 284, 288 (W.D.N.C. 1987). HSC has made no attempt to meet this burden, simply stating that portions of these depositions were "played or read at trial" or "submitted to the Court." This does not meet HSC's burden to show "extensive use" and thus the $5,567.80 that HSC claims for these depositions should be excluded.

The Court should deny HSC's request based on its failure to meet its burden to establish extensive use of the depositions in and of itself: it is not this Court or Honeywell's

---

[1] HSC's Bill of Costs states that "[t]he last three depositions listed for the 2001 trial (Honeywell's experts Muller (2), Davis and Parr) and the Muller deposition from the 2006 trial were used in the preparation of HSC's expert witnesses as well as in connection with cross-examination of those experts." (Bill of Costs, p. 6). The costs claimed from these depositions equals the $11,465.30 figure used in the text above.

burden to show the opposite. Nonetheless, Honeywell has undertaken a review of the record, which establishes that, in fact, there was no extensive use of these depositions at trial. Specifically, HSC's use of the depositions of Lawrence Crowe at the 2001 trial and Jim Clark at the 2006 trial consisted of approximately 22 and 10 pages of the trial record, respectively. 2001 Trial Tr. 812:24-830:12 (Crowe); 2006 Trial Tr. 113:5-15, 116:4-11, 174:3-10, 181:1-4, 182:9-21. The offered deposition testimony of William VanSanten was also *de minimus* and consisted of less than 20 minutes of testimony. *See* 2001 Trial Tr. at 2219:24-2220-5. In total, all of the deposition testimony that was actually used at trial and for which HSC now seeks costs amounted to less than ten percent of the total deposition testimony given by any of these witnesses. The use of less than ten percent of a witness's deposition testimony cannot rise to level of "substantial." *Fulton Federal Savings & Loan Assoc. of Atlanta v. American Insurance Co.*, 143 F.R.D. 292, 296 (N.D.Ga. 1991) ("Deposition costs incurred merely for the convenience of a party or a parties' attorney, for purposes of investigation, or simply to aid a party in thorough preparation are not taxable.").[2]

For the above reasons, the deposition-related costs of $17,549.30 sought by HSC should be denied in their entirety.

### C. Witness Fees and Subsistence Are Not Recoverable for the 2001 Trial.

HSC claims $507.00 for witness fees and subsistence in connection with the 2006 trial. (Bill of Costs, pp.7-8.) Honeywell does not dispute this claim.

---

[2] The cost claim with respect to the one remaining witness, John Szillat, should also be denied. Mr. Szillat appeared as a live witness at the 2001 trial on behalf of HSC. *See* 2001 Trial Tr. at 1869. Honeywell cannot be expected to bear deposition costs related to a witness who appeared live at the trial. Rather, such a deposition is the epitome of unnecessary and the $516.20 that HSC seeks for the deposition of John Szillat should be denied as well.

8

HSC also claims another $1,903.00 for witness fees and subsistence in connection with the 2001 jury trial. As demonstrated above, Honeywell was the prevailing party at the 2001 jury trial. Accordingly, HSC is not entitled to recover witness fees and subsistence in connection with that trial.

>    **D.    HSC's Requested Costs for Graphics and Animations Are Not Recoverable**

HSC's claim for $173,855.77 ($91,061.86 of which relates to the 2006 trial) for what it calls "exhibit costs" goes far beyond the scope of this Court's Local Rules relating to costs and should also be denied. (*See* Bill of Costs, pp. 9-10.) Though HSC purports to justify this enormous sum as "cost of a document" under Local Rule 54.1(b)(5), HSC selectively quotes this rule, omitting the language that provides that "[t]he cost of *one copy* is taxable *when admitted into evidence*." HSC's reasons for omitting this language are clear: HSC's request does not request the cost of one copy of documents admitted into evidence, but instead claims tens of thousands of dollars for graphic design, demonstratives, animations, and other materials that were not admitted into evidence and are not within the scope of Rule 54.1(b)(5). That rule does not conceivably justify HSC's request for over $170,000.00 and the request should be denied.

As the invoices submitted by HSC make clear, it is not seeking the cost of one copy of exhibits admitted into evidence. To the contrary, the $173,855.77 that HSC seeks is for the "[d]esign of exhibits and demonstratives," "animation," or "[d]ocument imaging." (Bill of Costs, p. 8 and at Exhibits L-P). Neither the Local Rules nor Section 1920(4) allows a party to recover costs for the creation of demonstrative trial exhibits or video animations. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296-97 (11th Cir. 2001) ("Because the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), ... taxing these costs was error."); *see also*

9

*Romero v. City of Pomona*, 888 F.2d 1418, 1427-28 (9th. Cir. 1989) (noting that the fees of consultants in assembling and analyzing data incorporated into trial exhibits were correctly denied by the district court in awarding costs under Section 1920(4) because "intellectual effort" involved in the production of demonstrative evidence is not compensable).

HSC has also failed to make the required showing, under Local Rule 54.1(b)(5), that any of these documents were "admitted into evidence," as required to qualify for taxation under the rule. Instead, HSC's Bill of Costs includes a laundry list of computer animations, PowerPoint presentations, graphic illustrations, and other demonstrative exhibits, with no indication that any were admitted into evidence, as required by the Local Rules.

Though HSC appears to contend that such costs are automatically allowable where it would aid the Court's understanding of the issues in the case, HSC provides no support for this statement and there is none. (Bill of Costs, p. 9). Instead, HSC attempts to argue that this request is justified by *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001). That case, however, establishes no such rule. Instead, in that case, the Court awarded to the prevailing party a portion of the cost involved in preparing one video presentation that was specifically prepared at the Court's express request. *Id*. at 428. Nowhere did the Court in any way grant a *carte blanche* ability to seek over $170,000 in costs associated with graphic design, presentation and animation that are expressly not included within the scope of Rule 54.1(b)(5)'s allowance of the cost of "***one copy***" of a document "when admitted into evidence."

Moreover, HSC's billing statements do not even adequately describe the non-taxable work that was performed. None of the invoices show what portions of any work was admitted into evidence as required by Local Rule 54.1(b). In fact, there is no showing that any of the materials for which HSC seeks costs were admitted into evidence. *Federal Insu. Co. v.*

10

*Bear Industries, Inc.*, No. 03-251 SLR, 2006 WL 3334951, *1 (D. Del. Nov. 16, 2006) (noting that costs are not allowed for exhibits unless it is shown that the exhibits have been admitted into evidence). Instead, HSC merely submits voluminous billing statements from its graphics experts. These billing statements do not adequately identify the particular work product, if any, that was admitted into evidence. (Bill of Costs, p. 9 and at Exhibits L-O). Nor does HSC provide any basis for the methodology that it used in its calculations, which appear to request between 85 and 100 percent of these materials.

Though Honeywell does not dispute that Local Rule 54.1(b)(5) would permit HSC to recover the "cost of one copy" of each "document … admitted into evidence" in connection with the 2006 trial, nowhere in HSC's submissions does HSC identify what its simple copying costs were for one copy of each exhibit admitted at that trial (or at the 2001 jury trial, for that matter). HSC bears the burden of substantiating its costs claim with proper back-up and supporting materials. Since HSC nowhere provides a basis for the Court to calculate that very small portion of its "exhibit costs" that might properly be taxable under Local Rule 54.1(b)(5), HSC's entire costs claim in this category must be disallowed.

### E. The Court of Appeals Explicitly Denied Bond Costs

Finally, HSC seeks $226,471.00 in costs relating to appeal bonds. (Bill of Costs at 10.) All of these costs relate to appeal of the 2001 trial, which Honeywell won. *See id.*

Moreover, the taxation of the costs of "premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal" are controlled by Federal Rules of Appellate Procedure 39(a) and (e) and are permitted unless the Court of Appeals specifies otherwise. *See* Fed. R. App. P. 39(a) ("The following rules apply unless the law provides or the court orders otherwise."). The Advisory Committee notes to Rule 39(e) make it clear that bond costs are a "cost of the appeal" that "are made taxable in the district court [under Local Rule 54.1(b)(10)]

11

for general convenience." Accordingly, bond costs can be taxed by the District Court unless the Court of Appeals orders otherwise.

Here, the Court of Appeals explicitly **denied** all Rule 39-related costs by expressly mandating that "each party shall bear its own costs." *Honeywell Intern., Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1316 (Fed. Cir. 2008); *Honeywell Intern. Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1146 (Fed. Cir. 2004). Accordingly, as a matter of controlling law, HSC is not entitled to taxation of any bond-related costs. *See McDonald v. McCarthy*, 966 F.2d 112 (3d. Cir. 1992). In *McCarthy*, the Third Circuit held that a prevailing party is not entitled to recover any costs under Fed. R. App. P. 39 "by reason of the court's appellate mandate that each party bear its own costs." *Id.; see also Dana Corp. v. IPC Ltd. Partnership*, 925 F.2d 1480 (Fed. Cir. 1991) (holding that the costs on appeal, including the costs of a bond, are taxable in the district court only where the Court of Appeals has allowed such costs). In *Dana*, the District Court's award of bond-related costs was affirmed because, unlike here, the Court of Appeals had not mandated that each party bear its own costs. *See Dana Corp. v. IPC Ltd. Partnership*, 860 F.2d 415 (Fed. Cir. 1988).

HSC's Bill of Costs seeks to recover $189,931.00 in premiums for a *supersedeas* bond posted "to stay execution pending appeal" and another $36,540.00 to stay execution of the judgment from the 2001 trial. *See* Bill of Costs, p. 10. Because these premiums were "to preserve rights pending appeal," these costs fall squarely within the bond-related costs controlled by Fed. R. App. P. 39. Accordingly, under the Federal Circuit's mandate and express directives that no appellate costs be allowed here, HSC is not entitled to recover any of the bond costs that it seeks. The Court should deny in its entirety HSC's claim for bond costs.

### III. CONCLUSION

For the reasons stated herein, HSC's claimed costs for (1) exhibits, (2) bond premiums (3) hearing transcripts and (4) deposition costs; and (5) witness fees in connection with the 2001 trial should be denied. Honeywell should be taxed, at most, in the amount of $507.00.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
bschladweiler@mnat.com
   *Attorneys for Plaintiffs*

OF COUNSEL:

Robert G. Krupka, P.C.
Jonathan F. Putnam
Lee Ann Stevenson
Kevin N. Malek
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611
(212) 446-4800

September 3, 2008
2472915

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on September 3, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND & E-MAIL**

Richard D. Kirk
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19899


**BY E-MAIL**

Mark L. Levine
Chris J. Lind
Brian Swanson
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard Street
Chicago, IL  60610

David H. Herrington
CLEARY, GOTTLIEB, STEEN
& HAMILTON LLP
One Liberty Plaza
New York, NY 10006


*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

2472915