# TAB 1

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2002 SEP 30 PM 8:28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMI GROUP NORTH AMERICA, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 98-350-JJF |
| CYPRESS SEMICONDUCTOR CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM ORDER

Presently before the Court is a Motion To Review The Clerk's Taxation Of Costs (D.I. 244) filed by Defendant, Cypress Semiconductor Cooperation. By its Motion, Defendant requests the Court to review the Clerk's taxation of costs pursuant to Fed. R. Civ. P. 54(d) and D. Del. L.R. 54.1(d).

Rule 54(d) permits the district court, in its discretion, to award costs to a prevailing party in a lawsuit, unless an express provision regarding costs is made by federal statute or court rule. In this lawsuit, the parties agree that Defendant is the prevailing party and that the revised request for costs (D.I. 241) was timely filed. The Clerk of Court, after making findings in accordance with Rule 54(d) and Local Rule 54.1(a)(3)-(4),(b) entered an Order (D.I. 243) that (1) denied trial transcript fees; (2) denied deposition costs; (3) granted witness fees, mileage and subsistence in the amount of $1,225.32; and (4) granted copying expenses in the amount of $256.70. In sum, the

Clerk granted costs in the amount of $1,482.02.

Thereafter, Defendant filed the instant Motion and Opening Brief (D.I. 245) seeking review of the Clerk's Order and requesting full taxation of its costs. Plaintiff has responded (D.I. 246) requesting that Defendant's Motion be denied and the Clerk's taxation of costs be accepted by the Court without modification.

## DISCUSSION

The instant Motion was assigned to me upon the resignation of Judge McKelvie. I have reviewed the Clerk's Order and the papers submitted by the parties. After this review, I conclude that the costs awarded by the Clerk are appropriate in the circumstances of this case and that no modification of the Clerk's Order is warranted. In reaching this conclusion, I have considered the parties' contentions de novo and found that I agree with the Clerk's findings and conclusions as expressed in his Order. (D.I. 243). However, I do make the following additional findings on certain issues, so as to provide the parties with an understanding of my thoughts where I think it may be helpful.

### Trial Transcript

Defendant concedes that Judge McKelvie did not make a request for the trial transcript (D.I. 245 at 2), but contends that his ruling in the Vestar case should be duplicated in this

2

matter. See <u>Vestar v. Liposome Co.</u> (D. Del. C.A. No. 92-332-RRM, Transcript of Telephone Conference, October 24, 1995 at 30:17-31:13) (D.I. 245 at Tab 3). After review, I find the <u>Vestar</u> case to be distinguishable from this case in that this case is a jury case and the Vestar case was a bench matter. Additionally, Judge McKelvie agreed that he "needed the trial transcript" in <u>Vestar</u>, and thus, at least by implication, he requested the transcript. In the instant lawsuit, there is no express request for a transcript and no facts to support a reasonable inference that the trial judge requested the transcript, and therefore, I conclude that the prevailing party is not entitled to recover this cost.

Deposition Costs

In order for me to exercise the discretion provided by Rule 54(d) with regard to the payment of deposition costs, I require the prevailing party to prove it can meet the requirements of D. Del. L.R. 54.1(b)(3). Defendant has not been able to meet this burden. Specifically, with regard to the depositions for which reimbursement is sought, I find that Defendant has not proved that a "substantial portion" of each deposition was admitted into the record. Also, I conclude that the decision of the Court of Appeals for the Tenth Circuit in <u>Manildra Milling Corp. v. Ogilvie Mills, Inc.</u>, 76 F.3d 1178 (Fed. Cir. 1996) is not precedent that I am persuaded must be followed in the

3

circumstances of the instant lawsuit. Therefore, I have declined to follow that decision.

### Other Costs Sought

Although I have independently concluded that Defendant is not entitled to the remaining costs it sought, I am satisfied with the Clerk's explanation of his reasons for the denial of those costs. As such, further rationale substantiating the Clerk's denial of these costs is not warranted.

### CONCLUSION

After a consideration of the Defendant's application for taxation of costs, the Clerk of Court's Order and the Motion papers filed by the parties, I find that Defendant is entitled to costs in the amount of $1,482.02.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Cypress Semiconductor Cooperation's Motion To Review The Clerk's Taxation Of Costs (D.I. 244) is DENIED.

2. Cypress Semiconductor Cooperation is awarded costs in the amount of $1,482.02.

9/30/02
DATE

UNITED STATES DISTRICT JUDGE

4