# TAB 2



Not Reported in F.Supp.2d                                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 3334951 (D.Del.)

Federal Insu. Co. v. Bear Industries, Inc.
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
FEDERAL INSURANCE COMPANY, as subrogee of Bracebridge Corp., MBNA America Bank (Delaware), N.A., MBNA America Bank, N.A., and MBNA Technology, Inc., Plaintiff,
v.
BEAR INDUSTRIES, INC., Defendant.
**No. 03-251 SLR.**

Nov. 16, 2006.

Sean J. Bellew, Cozen O'Connor, Wilmington, DE, for Paintiff.
Norman H. Brooks, Jr., Megan Trocki Mantzavinos, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.
**\*1** At Wilmington this 16th day of November, 2006, having reviewed defendant's motion for review of costs, and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion is granted in part and denied in part, as follows:

1. Service of Summonses and Subpoenas by Private Process Server. Such costs are generally granted as reasonable expenses, consistent with the reasoning underlying 28 U.S.C. § 1920(1). Therefore, defendant's costs of $568.00 to serve summonses and subpoenas using Delaware Attorney Services are taxed against plaintiff.

2. Deposition transcripts. Court reporter fees may be taxed "for all or any part of the stenographic transcript necessarily obtained to use in the case."28 U.S.C. § 1920(2). Local Rule 54.1(b)(3) provides that deposition costs are taxable "only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case."(Emphasis added) Defendant's use of the deposition transcripts to prepare for examining witnesses is considered a routine use and not one specifically directed to resolution of a material issue in the case. With respect to the use of the deposition transcripts of the expert witnesses vis a vis the motions in limine, the court notes in this regard that all of the motions filed by the parties to exclude the testimony of the opposing experts were denied. The court is not inclined to reward any party for filing such frivolous motions. Moreover, because the case has been archived, the court has no way of confirming what role, if any, such depositions played in resolving the motions. Therefore, such costs will not be taxed against plaintiff.

3. Exemplification and copies of trial exhibits/costs of maps and charts. Defendant has supplemented the record to demonstrate that the requested copying costs are associated with admitted exhibits. The court is satisfied that the costs are now adequately supported and should be taxed against plaintiff in the amount of $2,677.60. With respect to certain of the admitted graphs, for which defendant apparently requests $7,087.50 (40.5 hours x $175), the court declines to tax this cost against plaintiff, as defendant has failed to demonstrate that the time spent and the hourly rate charged by the consultant were reasonable.

D.Del.,2006.
Federal Insu. Co. v. Bear Industries, Inc.
Not Reported in F.Supp.2d, 2006 WL 3334951 (D.Del.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.