# EXHIBIT C

1  Brett L. Dunkelman, No. 006740
   David B. Rosenbaum, No. 009819
2  OSBORN MALEDON, P.A., No. 00196000
   2929 North Central Avenue, Suite 2100
3  Phoenix, Arizona 85012-2794
   (602) 640-9000
4  bdunkelman@omlaw.com
   drosenbaum@omlaw.com
5
   Jonathan F. Putnam
6  Lee Ann Stevenson
   Vickie Reznik
7  Michael Strapp
   KIRKLAND & ELLIS LLP
8  153 East 53rd Street
   New York, New York 10022
9
   Robert G. Krupka
10 KIRKLAND & ELLIS LLP
   777 South Figueroa Street
11 Los Angeles, California 90017

12 Attorneys for Defendant Honeywell International Inc.

13

14

15                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF ARIZONA**
16

17                                        )  Case No.: CIV 01 0901 PHX SMM
   HAMILTON SUNDSTRAND CORP.,             )
18                                        )
              Plaintiff,                  )
19                                        )  **DEFENDANT HONEYWELL'S**
          v.                              )  **LOCAL RULE 54.1 REPLY**
20                                        )  **MEMORANDUM OF COSTS AND**
   HONEYWELL INTERNATIONAL INC.,          )  **NECESSARY DISBURSEMENTS**
21                                        )
              Defendant.                  )
22  _____)

23        Pursuant to Local Rules 7.2(d) and 54.1(a), Honeywell submits this reply memorandum

24 in support of its request for costs and necessary disbursements incurred in this lawsuit and to

25 highlight certain egregious misstatements of the relevant facts and case law governing recovery

26 of costs set forth in Sundstrand's Objections to Honeywell's Bill of Costs (the "Objections").

27

28

**All Of The Deposition Costs Honeywell Seeks Are For Depositions That Were "Necessarily Obtained."**

Sundstrand contends that Honeywell may not recover costs for the depositions of Diane Sucharski, Leland Weber, Richard Stokes, Harold Riley, Malcolm McArthur, Christian Anghel, Albert Markunas, Shauna Barkley, Colin Rodgers, John Diemer, Greg Rozman, Mark Bakken, Brian Roy, Joel Parker, John Irwin, Kevin Fernandez, Ray Sims and Gerald Keeler because these depositions "were not cited in either party's motion for summary judgment or in the Court's memorandum and order." (Objections at 5.) But a deposition need not be cited in summary judgment papers to be "reasonably necessary" or "necessarily obtained." Indeed, "a deposition need not be absolutely indispensable to justify an award of costs. It must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Oregon Azaleas, Inc. v. Western Farm Serv., Inc.*, No. Civ. 00-1348-KI, 2002 WL 31432771, at *2 (D. Or. Jan. 9, 2002) *citing Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) ("The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.") (citation omitted); *see also Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993) (rejecting contention that costs could not be awarded because prevailing party did not explain necessity of each deposition and awarding costs relating to depositions to prevailing party).

Each of the depositions for which Honeywell seeks to recover costs was reasonably necessary at the time it was taken. Notably, Sundstrand noticed and took the depositions of Diane Sucharski, Richard Stokes, Harold Riley, Christian Anghel, Shauna Barkley, John Irwin,

2

1  Kevin Fernandez, and Gerald Keeler.  Given this fact, Sundstrand can hardly argue now that it

2  was wasting both parties' time and money and that those depositions were not reasonably

3  necessary.  In addition, the depositions of Leland Weber, Malcolm McArthur, Albert

4  Markunas, Colin Rodgers, John Diemer, Greg Rozman, Mark Bakken, Brian Roy, Joel Parker,

5  and Ray Sims were each reasonably necessary because those witnesses provided key testimony

6

7  relating to the complex technical issues of the validity and infringement of the patent-in-suit

8  and the reasonable royalty damages that would be owed Sundstrand if it prevailed -- especially

9  in view of Sundstrand's $80 million-plus damages claim.  *See, e.g., Lopez v. San Francisco*

10

11  *Unified School Dist.*, 385 F. Supp. 2d 981, 1002 (N.D. Cal. 2005) (awarding costs for

12  depositions, including fees for expedited transcripts, and finding that all depositions taken were

13  reasonably necessary); *City of San Diego v. Amoco Chem. Co.*, No. Civ. 98-0474-E(LSP),

14  1999 WL 33548158, at *1 (S.D. Cal. Nov. 23, 1999) (upholding all costs related to disputed

15

16  depositions as recoverable and stating that "the court discerns no reason to doubt defendants'

17  assertion that they were necessary at the time they were taken.  This was an important litigation

18  for both parties and the financial stakes were substantial.  Given the complex technical issues

19  as well as the lengthy record necessary to illuminate the facts . . . the court concludes that the

20

21  deposition costs are recoverable.").

22  **Honeywell Is Entitled To Costs Associated With Videotaping Depositions.**

23  Sundstrand contends that Honeywell is "overreaching" when it seeks videotaping costs,

24  but it can cite to no authority that would disallow such costs.  Contrary to Sundstrand's

25  contention, the relevant statutes and case law clearly indicate that Honeywell is entitled to

26

27  recover the costs associated with videotaping depositions.  *See, e.g., Williams v. Rockwell Int'l*

28  *Corp.*, Nos. 96-55339 and 96-5317, 1997 WL 306456, at *3 (9th Cir. June 5, 1997) (upholding

3

1   award of costs for videotaping depositions); *Reyna v. City of Portland*, No. Civ. 02-980-JO,

2   2005 WL 2314098, at *1 (D. Or. Sept. 21, 2005) (awarding costs of both videotape and

3   stenographic transcript of deposition); *Smith v. Dixie School Dist.*, No. C-04-00558 SBA EDL,

4   2005 WL 1489468, at *2 (N.D. Cal. June 23, 2005) (awarding cost of videotape for

5   deposition); *see also Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL

6   1720066, at *9 (N.D. Ill. March 31, 2003) (pursuant to 28 U.S.C. § 1920(2), "party can

7

8   properly tax costs for both a videotaped deposition and transcripts of the same deposition

9   provided that both are reasonably necessary").

10

11   **Honeywell Is Entitled To Costs Relating To The Exhibits Used At The *Markman*
    And Summary Judgment Hearings.**

12

13   Sundstrand contends that the costs incurred by Honeywell in preparing all of the

14   exhibits that Honeywell used at the summary judgment and *Markman* hearings are not taxable

15   because the exhibits were not 8" x 10" in size or less.  Sundstrand's argument is based on a

16   misreading of the applicable local rule.  Under Local Rule 54.1(e)(6), the cost of enlargements

17   of ***photographs*** greater than 8" x 10" are not taxable except by prior order of the Court.

18

19   Because, as Sundstrand concedes, none of the exhibits prepared by Honeywell included

20   photographs, it is of no import that some of the exhibits presented by Honeywell at the

21   summary judgment and *Markman* hearings were greater than 8" x 10".  Moreover, "[i]n the

22   context of § 1920, 'exemplification and copies of papers' has been interpreted to include all

23

24   types of demonstrative evidence." *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-

25   180-AA, 2005 WL 1899377, at *3 (D. Or. Aug. 5, 2005) (awarding costs for demonstrative

26   exhibits presented at summary judgment hearing) (quoting *Maxwell v. Hapag-Lloyd*

27   *Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988)); *see also  Hartung v. CAE Newnes, Inc.*,

28

4

No. CV 00-1400-BR, 2002 WL 31972394, at *2 (D. Or. July 2, 2002) (under 28 U.S.C.

§ 1920(4), "costs of demonstrative exhibits . . .are permitted as 'fees for exemplification and

copies of papers necessarily obtained for use in the case.'"). All of the exhibits for which

Honeywell seeks costs were prepared for the *Markman* claim construction and/or summary

judgment hearings.

RESPECTFULLY SUBMITTED this 18th day of November, 2005

By:   s/Brett L. Dunkelman
      Brett L. Dunkelman, No. 006740
      David B. Rosenbaum, No. 009819
      OSBORN MALEDON, P.A.
      2929 North Central Avenue,
      Suite 2100
      Phoenix, Arizona 85012-2794
      (602) 640-9000

      Jonathan F. Putnam
      Lee Ann Stevenson
      Vickie Reznik
      Michael Strapp
      KIRKLAND & ELLIS LLP
      153 East 53rd Street
      New York, New York 10022

      Robert G. Krupka
      KIRKLAND & ELLIS LLP
      777 South Figueroa Street
      Los Angeles, California 90017

      Attorneys for Honeywell International
      Inc.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2005, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Don Bivens
MEYER HENDRICKS & BIVENS, PA
Phoenix Corporate Center
3003 North Central Ave.
Suite 1200
Phoenix, AZ 85012-2915

Mark E. Ferguson
Mark L. Levine
Chris J. Lind
Brian Swanson
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard Street
Chicago, Illinois 60610

s/ Susanne Wedemeyer

Upon receipt of the Notice of Electronic Filing, a copy of this document and Notice of Electronic Filing will be hand-delivered to the Clerk of the U.S. District Court of Arizona.

s/ Susanne Wedemeyer