IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL, INC., )
AND HONEYWELL INTELLECTUAL )
PROPERTIES, INC., )
                              )
        Plaintiffs, )
                              )     Civil Action No. 99-309 (GMS)
v. )
                              )
HAMILTON SUNSTRAND CORP., )
                              )
        Defendant. )

**MEMORANDUM**

## I.    **INTRODUCTION**

On May 17, 1999, the plaintiffs ("Honeywell") filed the above-captioned action against

the defendant, Hamilton Sunstrand Corp. ("HSC") alleging patent infringement. After an initial

trial, an appeal, a remand, and a two-day bench trial, the court issued a Memorandum and Order

on August 14, 2006 entering judgment in favor of HSC. (D.I. 435.) The United States Court of

Appeals for the Federal Circuit affirmed this decision on April 18, 2008. (*See* D.I. 440.) On July

21, 2008, HSC filed a bill of costs for $431,200.47 with the Clerk of Court ("the Clerk"). (D.I.

441.) HSC requested $10,914.40 for transcript costs, $17,549.30 for deposition costs, $2,410.00

for witness fees and subsistence, $173,855.77 for exhibit costs, and $226,471.00 for bond costs.

The Clerk granted the HSC's request in the amount of $2,410.00 for witness fees and

subsistence, and denied its other requests.

Presently before the court is HSC's motion to review the Clerk's taxation of costs. (D.I.

450.) In its motion, HSC requests that the court review the Clerk's taxation in all respects except

for its award of witness fees and subsistence. (*See id.*) For the following reasons, the court will

reverse the Clerk's denial of costs with respect to HSC's claimed costs stemming from its May

15, 2001 bond, and affirm the Clerk's taxation of costs in all other respects.

## II.    DISCUSSION

### A.    Trial Transcript Costs

HSC requested reimbursement for transcript costs for the 2001 pretrial conference, the

2001 trial, the 2005 remand conference, the 2006 pretrial conference, and the 2006 trial.  Local

Rule 54.1(b)(2) states:

> The costs of the originals of a trial transcript, a daily transcript and of a transcript
> of matters prior or subsequent to trial, furnished to the Court, are taxable when
> requested by the Court or prepared pursuant to stipulation.  *Mere acceptance by
> the Court does not constitute a request.*  Copies of transcripts for counsel's own
> use are not taxable.

For the reasons stated in the Clerk's Taxation, the court affirms the Clerk's denial of this

request.  HSC states that the court's request for and expectation of post-trial briefing supports

their request for an award of transcript costs.  (D.I. 452 at 5.)  But HSC does not claim that the

transcripts themselves were actually requested by the court or that they were prepared pursuant to

stipulation, and indeed stated in its bill of costs that "[t]he parties requested daily copy (sic) of

the trial and expedited copies of other proceedings for their own convenience, not the Court's."

(D.I. 441 at 4.)  Adopting HSC's argument would permit taxing of transcript costs whenever the

court requests briefing if such briefing likely would entail use of court transcripts.  This is not

what was intended by Local Rule 54.1(b)(2), which clearly states that "[m]ere acceptance by the

Court does not constitute a request."  Thus, the court affirms the Clerk's denial of costs under

54.1(b)(2).

2

## B.    Deposition Costs

Local Rule 54.1(b)(3) provides, in pertinent part, that:

> The reporter's reasonable charge for the original and one copy of a
> deposition and the reasonable cost of taking a deposition
> electronically or magnetically recorded are taxable only where a
> substantial portion of the deposition is used in the resolution of a
> material issue in the case.  Charges for counsel's copies and the
> expenses of counsel in attending depositions are not taxable,
> regardless of which party took the deposition.

The court affirms the Clerk's denial.  For three of the depositions for which HSC seeks

costs - those of Gerard Muller, Julie Davis, and Russell Parr - HSC does not claim that any

portion of the depositions were read into the record or presented at trial, much less that a

"substantial portion" of the depositions was "used in the resolution of a material issue in the

case."  The fact that portions of these depositions were used in the preparation and cross-

examination of witnesses who did testify at trial is scarcely relevant to the 54.1(b)(3) standard

and certainly is not sufficient to meet HSC's burden of showing that a *substantial* portion was

actually *used* in the resolution of a material issue.[1]  Similarly, the fact that Honeywell's attorney

mentioned the deposition of Lawrence Crowe during opening statements is not sufficient to meet

HSC's burden, nor is the fact that some portion of the John Szillat deposition was "played or read

at trial" (D.I. 441 at 6) or that portions of Jim Clark's deposition were submitted to the court

during the remand proceedings.  (*See* D.I. 452 at 7.)  The standard of 54.1(b)(3) focuses on the

actual use of a substantial portion of the deposition to resolve a material issue in the case; it does

---

[1] The court rejects HSC reliance on the 1975 memorandum and order from *Chemical Bank v. Kimmel* for the proposition that such expert witness expenses are recoverable as costs, since *Kimmel* does not address the "substantial portion" and "used in the resolution of a material issue" standards of the modern Local Rule 54.1(b)(3).

3

not focus on whether the parties' attorneys use the depositions or subjectively view the depositions as important or unimportant.

The William Van Santen and Jim Clark depositions are closer questions, because statements made by those witnesses were mentioned by this court (in the case of Van Santen) and the Federal Circuit (Clark) in opinions relating to the case. But while such use is relevant, it is not by itself sufficient to meet the standards of 54.1(b)(3), which requires not only actual use of a deposed witness's statements to resolve a material issue, but also use of a *substantial portion* of the *deposition* for which the prevailing party is seeking costs. In the case of Van Santen, HSC coyly mentions that "the Court itself quoted from Van Santen's testimony in its opinion on willfulness," but neglects to state that it was not Van Santen's deposition, but rather his in-court testimony that was referenced by the court in its opinion. *See Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 166 F. Supp. 2d 1008, 1038 (D. Del. 2001). In the case of Clark, the Federal Circuit only quoted eight words of the (at least) 278-page[2] deposition in its 21-page opinion affirming this court's ruling on remand. (*See* D.I. 440-2.) This is far from sufficient to meet the "substantial portion" standard of 54.1(b)(3) and thus does not justify their requested taxation for the costs of the full deposition. For these reasons, this portion of the Clerk's taxation of costs order is affirmed in full.

### C.    Exhibit Costs

The court will also affirm the Clerk's denial of HSC's request for costs related to the

---

[2] In the appendix submitted the court by Honeywell during the remand proceedings, only some portions of Volume 1 of the Clark deposition transcript were included. (*See* D.I. 421-20 at 10-16.) Volume 1 was 278 pages in length. (*Id.*) The court is not certain of the total length of the deposition transcript, but feels that the proportion of eight words in 278 pages is sufficient to make its point with regard to 54.1(b)(3)'s "substantial portion" standard.

preparation of exhibits and demonstrative aids. The statutory basis for these requests is 28

U.S.C. § 1920(4), which provides that:

> A judge or clerk *may* tax as costs . . .
>
> (4) Fees for exemplification and the costs of making copies of any
> materials where the copies are necessarily obtained for use in the case . . . .

Local Rule 54.1(b)(5) provides, in pertinent part:

> Exemplification and Copies of Papers. The cost of copies of an exhibit
> necessarily attached to a document required to be filed and served is
> taxable. The cost of one copy of a document is taxable when admitted into
> evidence. The cost of copies obtained for counsel's own use is not taxable.

Local Rule 54.1(b)(6) provides, in pertinent part:

> Costs of Maps and Charts. The cost of maps and charts is taxable if they
> are admitted into evidence. The cost of photographs, 8" x 10" in size or
> less, is taxable if admitted into evidence, or attached to documents
> required to be filed and served on opposing counsel. Enlargements greater
> than 8" x 10" are not taxable except by order of the Court. The cost of
> models, compiling summaries, computations, and statistical comparisons
> are not taxable.

In its most recent filing, HSC couches its request as one for "costs related to the

presentation of exhibits and demonstratives" and phrases the issue before the court as "whether

Local Rule 54.1(b)(5) and (b)(6), Local Rule 54.1(11), and 28 U.S.C. § 1920 should be read to

cover the costs of exhibits and demonstratives presented electronically." (D.I. 452 at 8.)  Such

phrasing obscures the fact that much of what HSC seeks is reimbursement for what its Bill of

Costs describes only as "[g]raphics design," "[c]reation and production of computer animation,"

and "[d]ocument imaging" by "Legal Images," for which HSC seeks $82,793.91.  (D.I. 441 at 9.)

The accompanying Declaration of Steven Hess provides little additional illumination on the

issue, since Hess declares only that "my estimate is that approximately 85% of the work covered

by these items involved our work on the actual preparation of graphic designs, demonstratives and computer animations for the trial." (D.I. 443 at 2.)

HSC also requested $91,061.86 for costs paid to Chicago Winter Company "incurred in the preparation of demonstrative exhibits and the presentation of exhibits during the 2006 trial." (D.I. 441 at 9.) The declaration supporting this request similarly states only that the bill reflects costs sustained "for the creation of graphics and demonstrative exhibits" and that the costs were "incurred in graphics support for the 2006 trial." (D.I. 444 at 2.) It is also clear from these documents that HSC's attorneys had a number of meetings with Legal Images and Chicago Winter Company relating to the production of these animations, graphics, and imaging, although the extent to which the requested costs includes fees stemming from these meetings is not entirely clear. (*See* D.I. 441 at 9; D.I. 443; D.I. 444.)

The court affirms the Clerk's denial. First, as the Clerk noted, both the bill of costs and the supporting documentation provide only the most general information regarding the nature of the requested costs. The Local Rules draw a clear distinction between costs relating to exhibits admitted at trial or required to be presented, and those that are prepared for counsel's own use or other reasons. *See* Local Rule 54.1(b)(5) and (b)(6). The invoices and related documentation supporting these requests do not state what, if any, portions of the invoice relate to exhibits admitted into evidence at trial or specifically requested by the court in connection with trial. (*See* D.I. 441 Ex. L-P.) Without specific information, the court cannot determine the reasonableness and necessity of each request. The court will not blindly grant a request for over $173,000 in costs when those costs are described in only the most general and cursory of terms in the Bill of Costs and are supported by documentation that draws little or no distinction between exhibits

6

used at trial and requested by the court (which are potentially taxable), and non-taxable costs such as consultation fees, documents and aids prepared for counsel's own use, and costs relating to exhibits that serve a primarily adversarial function.

Furthermore, the bill of costs and supporting declarations indicate that the requested costs relate primarily to graphics design and computer animation work. While the court recognizes that such demonstrative aids are common, that does not justify departure from the statute and Local Rules that govern taxation of costs.[3]  28 U.S.C. § 1920(4) gives judges the discretion to award "[f]ees for exemplification and copies of papers," and this court's Local Rules make clear that fees relating to such exhibits can be recovered only where the "exhibit [is] necessarily attached to a document required to be filed and served" or "admitted into evidence."  Local Rule 54.1(b)(5) and (b)(6).  As the Federal Circuit has stated:

> Section 1920(4) "speaks narrowly of '[f]ees for exemplification and copies
> of papers,' suggesting that fees are permitted only for the physical
> preparation and duplication of documents, not the intellectual effort
> involved in their production."  Interpreted otherwise, "it could well
> swallow up other statutory provisions of the Code and rules, such as the
> prohibition against the award of attorney's fees or expert witness fees in
> the normal case."  The bulk of FTI's invoices show hourly consulting fees,
> with tasks ranging from "animation" to "client planning meetings."  Mr.
> Siegel acknowledged that he and Nidek's experts worked closely with FTI
> in developing the exhibits.  That sort of work amounts to trial preparation
> and strategizing, and is not akin to the cost of photocopying a piece of
> paper, a cost that section 1920 explicitly contemplates.

*Summit Technology, Inc. v. Nidek Co,* 435 F.3d 1371,1377 n.5 (Fed. Cir. 2006) (citations

omitted).

---

[3] HSC suggests that [i]f the shoe were on the other foot, and Honeywell were requesting its costs, Honeywell would certainly be requesting technology costs."  Regardless of the truth of this assertion, the fact that one party might have made a baseless request for non-taxable costs is no justification for the other party making that same baseless request.

7

Even more specifically, the Local Rules state that "[t]he cost of models, compiling summaries, computations, and statistical comparisons are not taxable." Local Rule 54.1(b)(6). The creation of computer animations is analogous to these categories of non-taxable costs, and thus is not recoverable under the local rules. Costs for exemplification of exhibits will be granted only if the parties show that the requested costs 1) were necessarily sustained in connection with exhibits that were admitted into evidence or *explicitly and specifically* were requested by the court, Local Rules 54.1(b)(5) and (b)(6); 2) were for exhibits or documents prepared primarily in order to aid the finder of fact's understanding of the issues in the case, and were not "'essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanation of expert witnesses,'" *Summit,* 435 F.3d at 1377 (quoting 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.103[3][d]); and 3) were for the actual presentation of the exhibits and documents, and not for the intellectual effort involved in their production. *See id.* at n.5. To hold otherwise would allow the rule permitting parties to recover costs for exemplification and copies of documents to swallow the rule barring parties from recovering attorney and expert witness fees. *See id.*[4] Since HSC's bill of costs and supporting documentation do not meet this standard, the court will affirm the Clerk's denial of costs.

---

[4] HSC cites this court's opinion in *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del.2001), to support their request for these costs. In *Schering*, however, the court only awarded costs relating to the video after finding that the district court judge had specifically "invited both parties submit videos to assist the court in understanding the technological issues involved." In this case, HSC does not claim that the court specifically requested any of the animations or other graphics design work claimed in its bill of costs. Furthermore, the court now agrees with the Federal Circuit and other courts that have ruled on this issue since the *Schering* opinion was issued that under section 1920, parties may not recover costs for the preparation of animations, graphics design, and other exhibits that serve primarily an argumentative or adversarial function.

## D.   Bond Costs

The court affirms in part and reverses in part the Clerk's denial of HSC's request for

taxation of bond premiums and related costs. Under Federal Rule of Appellate Procedure 39, the

"premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal" are

taxable in the district court unless the court orders otherwise. Fed. R. App. P. 39(a), (e)(3).  A

party is not entitled to recover bond costs under Fed. R. App. P. 39 if the appellate court orders

each party to bear its own costs. *See McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992).

Local Rule 54.1(b)(10) provides:

> Bonds. The reasonable premiums or expenses paid on bonds or security
> stipulations shall be allowed when furnished by requirements of the law or
> rule of Court, by an order of the Court or where required to enable a party
> to receive or preserve some right accorded the party in an action or
> proceeding.

In this case, the Federal Circuit ordered that "each party shall bear its own costs" in both

of its appellate decisions. Consequently, HSC must bear its own costs for the *supersedeas* bond

that HSC posted to stay execution pending appeal.[5]  HSC argues that its bond that it posted in

order to stay execution of the judgment during the post-trial motions phase following the first

trial in this dispute should be distinguished from the bond it posted to stay execution pending

appeal. (*See* D.I. 446 at 9-10; D.I. 452 at 10.)  While HSC did not cite any case law supporting

this distinction, the court agrees with HSC that the Federal Circuit court's ruling that each party

---

[5] HSC argues that the Federal Circuit's order for each party to bear its own costs was
"generic" and thus should not preclude its recovery of bond costs under Fed. R. App. P. 39. This
argument is unavailing; an appellate court need not itemize each and every category of costs
before its order requiring each party to bear its own costs to be given effect. The Federal Circuit
court's order that each party bear its own costs is stated clearly and plainly, and this court will
give it effect.

9

should bear their own costs on appeal did not reach the costs HSC sustained to stay execution of judgment during post-trial motions in this court. Since posting this bond was necessary to preserve HSC's right to stay the execution of judgment while post-trial motions were pending, the premiums for that bond are taxable pursuant to Local Rule 54.1(b)(10). The court thus will affirm the Clerk's denial of costs relating to the bond posted on October 25, 2001; and will reverse the Clerk's decision and award Honeywell the $36,540.00 it requested for the bond posted on May 15, 2001.

## III.   CONCLUSION

For the reasons stated above, the court will affirm the Clerk's denial of costs with respect to transcript costs, deposition costs, exhibit costs, and the costs associated with the October 25, 2001 bond; affirm the Clerk's taxation of costs in favor of HSC in the amount of $2,410.00 for witness fees, mileage, and subsistence;[6] and reverse the Clerk's decision and tax costs in favor of HSC in the amount of $36,540.00 with respect to the costs associated with the Mat 15, 2001 bond. The total costs taxed in favor of HSC thus will be $38,950.00, together with interest thereon at the applicable post-judgment rate specified in 29 U.S.C. § 1961.

Dated: September **30**, 2009

UNITED STATES DISTRICT JUDGE

---

[6] Neither party has moved for the court to review this portion of the Clerk's taxation of costs.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., AND HONEYWELL INTELLECTUAL PROPERTIES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 99-309 (GMS) ) ) |
| HAMILTON SUNSTRAND CORP., | ) ) |
| Defendant. | ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.   The Defendant's Motion for Review of Taxation of Costs (D.I. 450) is GRANTED

insofar as the court has reviewed the taxation of costs;  and

2.   The Clerk of Court's Taxation of Costs (D.I. 449) is AFFIRMED in part and

REVERSED in part.

3.   Costs are taxed in favor of the defendant and against the plaintiffs together with

interest thereon at the applicable post-judgment rate specified in 29 U.S.C. 1961 in

the amount of $38,950.00.

Dated: September 30, 2009

UNITED STATES DISTRICT JUDGE